Pearson, C. J.
 

 The objection made in this Court, that' the action cannot be maintained by the administrator
 
 de bomsnon
 
 with the will annexed of Richard Crabtree, and should have-been brought on the relation of the devisees, is-not tenable.
 

 In respect to the
 
 personal
 
 estate,- it. is settled,..that if an administrator die before he has completed the settlement of the-estate, by paying debts and making, distribution, an administrator
 
 de bonis non
 
 must be appointed for the purpose of completing the settlement, for the reason, that there-is no privity between, the distributees of the intestate and the personal'representative of the deceased administrator, and, .consequently;., both of the deceased persons must be
 
 represented';-Duke
 
 v.
 
 Ferribee,
 
 7 Jones, 10;
 
 Taylor
 
 v. Brooks, 4 Dev. and Bat. 139 ;
 
 State
 
 v. Johnson, 8
 
 Ire.
 
 381; State v. Britton, 11 Ire. 110.
 

 The statute which authorises- tile-sale-of real' estate -on tile-petition of an executor or. administrator-for the.- payment of’ debts, makes the proceeds-of sale. assets-for tbe.- payment of' debts,.and directs that the-excess-shall.be paid.by the-execm tor or administrator to such, persons- as-would, be-entitled to the-land bad it not been-sold; Rev..Code, ch. 46, sec. 50, 51. Thus putting the excess of the sale - of real estate on the same footing, in respect to the devisees and heirs, and imposing on executors and administrators-the same duties in regard thereto, as existed,in relation to.the rights, of legatees and distributees to the excess of the personal,estate,-.and. the duties.-of executors and, administrators-in regard thereto».
 

 When, therefore, an-administrator dies before-lie*has-completed the settlement of the- assets, derived, from real estate, by paying debts and payin-gqover the- excess to the devisees or heirs-at-law, this unfinished,duty cannot be performed by bis administrator, for there-is no privity between him and the devisees and lieirs-.at-law, and it is, consequently, necessary that both of tbe deceased persons should be represented, so,
 
 *114
 
 tbat the representative of the administrator should pay over tbe fund to the representative of the first intestate, whose duty it is made, to complete the administration by paying off all the debts, and paying over the excess to such persons as would be entitled to the laud, had it not been sold. In other words, between the administrator
 
 d^e bonis non
 
 of the first intestate ,-and his creditors and devisees, or heirs, there is a privity ; whereas, there is no privity between the latter and the administrator of the first administrator. So, the action is properly brought on the relation of the representative of the testator, Richard Crabtree, and it is his duty to receive the fund and •complete the settlement of the estate.
 

 We do not concur with his Honor, in the view taken by him of the question reserved, in respect to the effect of the decree, giving the administratrix license to sell the land. That decree was an
 
 adjudication
 
 that it was necessary to sell, and is conclusive in favor of the title acquired by the purchaser, but it is not conclusive of the question of debt or no debt, as against, or in favor of creditors, or as against, or in favor of the heirs. It is certainly not so in respect to creditors, because they are not parties to the proceeding, and is, consequently, not so in respect to the heirs or devisees; for an estoppel must be mutual. To make it so, would be going beyond the necessity of the ease, the object being simply to establish
 
 prima facie,
 
 that the personal estate is not sufficient to pay the debts, as a foundation, for the action of the court, in granting a license to sell the real estate, the proceeds of which are made assets, to be accounted for in the settlement of the estate, when the executor or administrator must, as a matter of course, discharge himself, by the production of
 
 proper vouchers.
 

 We think it clear, therefore, that in making the settlement in this case, it was the duty of the Court to go behind the decree allowing the administratrix license to sell; and it is likewise clear, that her charges, for the support of the minor children, of the testator, were not proper vouchers. They were not
 
 debts of the
 
 testator, and are directed to be paid out of the rents, issues, and profits of the land. The fund raised by such
 
 *115
 
 rents, issues and profits, up to the time of the sale, are not charges against the administratrix, and "neither of these matters should have been brought into the settlement, either as items of charge or discharge.
 

 Whether the minor children will not be entitled to the interest of the fund, received by the plaintiff as excess of the proceeds of the sale of the land, the profits of which are ■devoted by the will for their support, is a question that will arise when he is required to make distribution, but is not now presented.
 

 The judgment of the Court below will be reversed, and judgment entered for the sum of $882.22, with interest, according to the case agreed.
 

 Per Curiam,
 

 Judgment reversed.