W. H. GULLY, Adm'r &c., *v.* MARY E. HOLLOWAY and others.

A testator having given to his wife, besides other property, one half of his land, and to a daughter the other half, (with certain slaves, *emancipated* at the time of the testator's death,) and having provided that his debts should be "paid out ot the funds raised off the property" given to his wife. *Held,* as the daughter had died in the testator's life-time, and the personalty had been *exhausted,* that her *lapsed* land should next be applied to the payment of debts.

In such case, if it becomes necessary to resort to the land devised to the wife she is entitled, under Rev. Code, ch. 118, s. 8, to one-third of the whole of the realty for life, as if the husband had died intestate.

BILL for the construction of a will, &c., filed at Spring Term 1868, of the Court of Equity for WAKE, at which Term, answers having been put in, the case was transmitted to this Court.

The defendants were the widow and the next of kin and heirs-at-law of the testator, W. H. Holloway, who died in June 1865.

The will, after giving certain slaves to his wife, contains the following clauses: "I also give to my wife half of my tract of land, on which I now live, including the dwelling-house and other improvements thereto bolonging. I also give unto my

wife all my stock," &c. "I give to my daughter Fannie, half of the tract of land on which I now live, Judy and her increase, William and Jacob." * * * "My will is that my executor dispose of enough of my property, such as he may think can be spared best, to pay all of my just debts. My will is that my wife, M. E. Holloway, have, hold and possess the residue of the property, which I have given her, after my just debts are paid, during her life time, and then if any remain, my will is that her bodily heirs have, hold and possess it."

The bill sets out that the testator's daughter, Fannie, died in his life-time in tender infancy, that the personalty belonging to the estate, in consequence of the emancipation of the slaves was insufficient to pay the debts, and it would be necessary to sell some of the land. The prayer was that the plaintiff, as Administrator *cum testamento annexo*, should be instructed whether the debts were a charge upon the real as well as the personal property given to the wife; whether the land lapsing by the daughter's death should be exhausted before that given to the widow is taken, &c.

The answers admitted the material allegations of the bill.

*Fowle & Badger* for the plaintiff.

*Rogers & Batchelor* for the heirs-at-law.

There is here an express charge of the debts on the share of the estate given to the widow. The debts are to be paid out " of the fund, " &c. She is to have the " residue " of the property after " my just debts are paid, " &c. *Fraser* v. *Alexander*, 2 Dev. Eq. 348; *Powell* v. *Powell*, 6 Ire. Eq. 50; *Kirkpatrick* v. *Rogers*, 7 Ire. 44. The word *property* means *real* as well as personal estate, 2 Jar. Wills (190) 4 Kent 55; *Clarke* v. *Hyman*, 1 Dev. 382; *Horne* v. *Hoskins*, 2 D. & B., 479; and there is nothing here to limit the reasoning.

In our case the contest is between the heirs and a devisee; and the land devised to the widow subject to the payment of the debts must be applied before that descended. The devisee is generally preferred to the heir, but when land devised is

charged with payment of debts, &c., the devisee takes it *cum onere, Palmer* v. *Armstrong,* 2 Dev. Eq. 268; *Robards* v. *Wortham, Ibid.* 173. If the daughter had lived, *her* land would have been exonerated; her dying does not affect the testator's intention to subject the property given to the wife to the payment of debts.

The widow should have *dissented* from the Will, in order to have any part of her land exempt from payment of debts. The words of Rev. Code, ch. 118, s. 8, do not embrace our case, and a review of the legislation on the subject shows that it does not come within their spirit. See Acts of 1784, ch. 204, secs. 8, 9; ch. 225; Acts of 1787, ch. 271, and 1771, ch. 351.

PEARSON, C. J. It is not necessary to decide whether the charge on the property left to the wife for the payment of debts, is confined to the personal property, or embraces the land as well, for we are of opinion that, as the legacy to the daughter lapsed by her death, and the property given to her was undisposed of, *it* is the primary fund for the payment of debts. As between the wife and the daughter, the testator charged the property given to the former with the payment of his debts, but the death of the daughter changed the whole matter, and the case then falls under the general rule, that property undisposed of, is first to be applied to the payment of debts, for the reason, that although as between specific legatees the testator makes a charge on the property given to one, for the remuneration of the other, there is nothing to show that he intended to make the same preference in favor of his next of kin, or heirs at law, upon whom the property devolves, not by his act, but by the act of law, and they take *cum onere,* and take subject to the payment of debts in the first instance, and have no ground to put that burden upon one who is the special object of the testator's bounty. It will be declared to be the opinion of the Court, that the personal estate and the land which is not disposed of by the Will, must first be applied. Should it be necessary to resort to the land given to the widow, she will then be entitled, under the provisions of Rev. Code,

ch. 118, s. 8, to the quantity to which she would be entitled by right of dower, which shall not be subject to the payment of the debts of her husband, during the term of her life.

PER CURIAM.                    Decree accordingly.