MARY H. RAMSOUR *v.* TILLETT RAMSOUR.

The Entry of a *dissent* by the widow, is an incident to the jurisdiction of Probate, and as this jurisdiction has been conferred upon the Clerk of the Superior Court, the widow's dissent is to be made and entered in his office.

The *sale* spoken of in the Ordinance of March 5th, 1868 (c. 40, s. 2) is a sale for the benefit of the creditors or heirs of the testator, and not one by the widow for the benefit of *her* creditors.

In a case where it appeared that the widow, as general devisee under her husband's will, had conveyed a large part of the land in trust for payment of her own debts, and afterwards, under the Ordinance above mentioned, had dissented and was seeking to have dower therein; *held*, that she was entitled to dower; and *also*, that the trustee in the deed was not a necessary party to her petition.

DOWER, heard before *Logan, J.*, at Fall Term 1868 of the Superior Court of LINCOLN.

The petition was filed at that term, and upon the coming in of the answer, the case was submitted upon the following facts agreed. The petitioner's husband, a resident of Lincoln county, died in 1863 leaving a will, of which petitioner was appointed executrix; she accordingly propounded the will for probate in 1864, and it being admitted to probate, she was qualified. The testator left a considerable estate, real and

personal, which he bequeathed to the petitioner in fee, with a proviso, that if he should leave a child and the petitioner should marry again, the estate should be equally divided between her and such child. The defendant is the only child of the testator.

In May 1868 the petitioner conveyed a part of the land out of which she demands dower, to one Baxter, in payment of her individual debts. On the 24th of August 1868 she entered her dissent to the will before the Judge of Probate of Lincoln county.

The estate is in debt to the amount of some $4,000, which it is likely will fall upon the real estate of the testator.

The Court thereupon ordered a writ of Dower to issue, and the defendant appealed.

*Bragg,* for the appellant.
*Phillips & Merrimon, contra.*

PEARSON, C. J. After the adoption of the Code of Civil Procedure, the County Courts being abolished, it followed as a necessary implication, that the Clerk of the Superior Court was the proper tribunal before which to enter the widow's dissent. While the County Courts exercised jurisdiction in regard to the probate of wills, granting letters testamentary and letters of administration, the duty of causing an entry to be made of the dissent of the widow, was an incident to such jurisdiction. When the jurisdiction in these respects was transferred to the Superior Court, this incident followed the jurisdiction, and as the act of causing the entry to be made was merely ministerial, there was no occasion for an express grant of power.

By an Ordinance of the Convention of 1868 ch. 40, sec. 2, it is provided, "No widow shall be entitled to the benefit of this ordinance, in any case where the real estate of the deceased husband has been sold subsequent to his death, or has been divided between his devisees or heirs at law." The object of this proviso is to prevent a dissent where the real estate of the husband has

been sold by the executor or administrator for the payment of debts, or has been divided between the devisees or heirs at law; for in such cases it was thought that this indulgence could not be granted to the widow, without an unreasonable derangement of what had been done towards settling the estate, but it has no application to a case where the widow has sold or conveyed in trust a part of the estate of her husband, or even the whole over which she had a power of sale, to secure debts of her own. Such cases are outside of the principle applicable to sales of the real estate or partition, made in *settlement* of the estate of the deceased.

It is said, in the third place, the creditors of the wife or the trustee, are necessary parties. We do not think so:

1. In an action for dower, only the heirs or devisees of the husband, or the person claiming under the husband by deed *" inter vivos,"* are necessary parties defendant, for they have the land demanded by the action.

2. The creditors of the husband have rights which may be contingently affected by this decision, but they have never been made parties in a writ of dower,—*dower is not demanded of them,* and in respect to their contingent rights, they are supposed to be represented by the heir; as they are by the personal representative, if he be sued for a part of the personal estate.

3. The creditors of the wife in respect to their contingent rights are represented by her, and the fact that she has made an assignment in trust for certain of her creditors, cannot vary the matter, for her assignee has the same interest as she has. If her application for dower be refused, she and her assignee are subject to the husband's creditors. If her application for dower is allowed, then as *against her,* the assignee still retains all his rights under her deed, and as against the creditors of the husband, he is secured in at least one-third of the land, so that the interest of the assignee is on the side of the widow's application, and he is represented by her.

4. In this particular case, there is rather more reason for making the creditors of the husband parties, than the assignee of the wife, for it so happens that the interest of the heir is

against them; if the widow fail in her application, the heir according to the will, gets nothing except the limitation over as to one-half, and that half is liable to the debts of the husband.

If she succeeds in her application the heir takes two-thirds of the land, and a reversion in one-third, and it is subject to the debts of his ancestor in no otherwise than the contingent limitation over. We are satisfied that the contingent rights of creditors cannot be secured by requiring them to be made parties without rendering the proceedings too cumbrous. A decree can be made so as to settle the controversy between the widow and heir, saving the rights of third persons. Code of Civil Procedure, § 65. Let this be certified.

PER CURIAM.                            Judgment affirmed.