CORINNA M. AVERY, *ex parte.*

When, for payment of a deceased husband's debts, it becomes necessary to resort to lands devised by him to his wife, she is remitted to her right of *dower*, which, as in other cases, is not subject to those debts during her life.

A petition for dower may be *ex parte*, in the names of the widow and the heirs, but if the widow be guardian of the heirs, and the estate be insolvent, the heirs should be made parties defendant, with a properly constituted guardian *ad litem*; and the creditors also are to be allowed to come in if they choose, and make themselves defendants.

(*Mitchener* v. *Atkinson*, Phil. Eq. 23; *Gully* v. *Holloway*, 63 N. C. 84; *Ransom* v. *Ransom*, Ib. 231, and *Mary Ann Moore, ex parte, ante*, 90, cited and approved.)

DOWER, tried before *Mitchell, J.*, at Fall Term 1869, of BURKE Court.

The petition, which was *ex parte*, in the names of the widow and heirs of William Waightstill Avery deceased, set forth that the deceased died in 1864, leaving a considerable estate in lands, which he bequeathed to his widow for life, &c.; that the will was duly proved in Burke County Court, and the widow has been duly appointed guardian of the heirs, &c.; also that the estate is found to be insolvent; the prayer was for dower, &c.

The Judge dismissed the petition, on the ground that the widow had not dissented from the will in due time.

The petitioners appealed.

8

*Battle & Sons* for the appellants.

DICK, J.  A widow who takes land as a devisee under the will of her husband, is remitted to her right of dower, when it becomes necessary to resort to the lands devised to her, for the payment of the debts of her husband: *Mitchener* v. *Atkinson,* Phil. Eq. 23; *Gully* v. *Holloway,* 63 N. C. 84. She may have her interest ascertained and allotted to her, in the manner provided by law for the assignment of dower, which shall not be subject to the payment of the debts of her husband during the term of her life. When the rights of creditors are not interfered with, the widow and heirs at law may properly join in an *ex parte* petition for the assignment of dower; but this ought not to be done when the interest of creditors will be affected. In such a proceeding the rights of creditors are supposed to be represented by the heirs, and they ought to be made defendants: *Ramsour* v. *Ramsour,* 63 N. C. 231. When the estate is insolvent the heirs have no personal interest in the lands, and it cannot reasonably be supposed that they will resist an improper admeasurement of dower; and the creditors should be allowed to protect their rights and be made parties defendant: *Mary Ann Moore, ex parte,* at this term.

There was error in the ruling of his Honor in the court below. The estate of the testator is insolvent, and the executor has filed a petition to subject the lands devised to the widow, to the payment of the debts of the testator. The widow's rights as devisee, accrued before the Act restoring to married women their common law right of dower; and the interest to which she is remitted, is one-third of the lands of which her husband died seized and possessed. This petition was filed after the Act of 1869, chap. 93, and must be governed by its provisions.

As the widow is the regular guardian of the heirs, and as the estate is insolvent, the heirs must be made defendants, and be represented by a duly constituted guardian *ad litem,*

and the creditors of the estate must be allowed to make themselves defendants, if they so desire.

The petitioner Corinna M. Avery, is entitled to the relief which she seeks, but the petition should be amended in the court below in the particulars above indicated.   Let this be certified.

PER CURIAM.                              Ordered accordingly.