ROXANNA SIMONTON v. J. H. HOUSTON and wife and others.

*Widow—Executrix and Devisee under Husband's Will—Right to Dower or its Equivalent—Form of Proceeding.*

1. Where a widow does not dissent from her husband's will, there is no prescribed time within which she must apply for dower; and where she does not dissent and makes no application adverse to her rights under the will, there is no statute and no principle of the common law which bars her right of dower or its equivalent in the lands of her husband.

2. The statute (Rev. Code, ch. 118, § 8) secures to a widow a provision out of the lands of her husband in two cases, viz ; (1) where dower is actually assigned, (2) where the husband devises lands to the wife which are presumed to be in lieu of dower.

3. Where the plaintiff, in a petition for dower, had qualified as executrix under the will of her husband (by which the whole estate real and personal was devised to her) and exercised the duties of the office for sixteen months, when ascertaining that the estate was insolvent she instituted this proceeding against the creditors of the estate ; *It was held,* that she was entitled to have allotted to her for life such portion of the lands of her husband as she would have been entitled to if he had died intestate.

4. Although no proceeding has been provided by statute for a case where a widow claims the equivalent for dower in the lands of her husband devised to her under his will, yet by analogy she is entitled to the same remedies as are provided in an application for dower.

(*Mendenhall* v. *Mendenhall,* 8 Jones 287 ; *Ex Parte Avery,* 64 N. C. 113, cited, distinguished and approved.)

SPECIAL PROCEEDING for Dower commenced in the Probate Court and tried on appeal at Fall Term, 1877, of IREDELL Superior Court, before *Cloud, J.*

Robert J. Simonton died in the year 1876, in Iredell County, leaving a last will and testament in which he named the plaintiff (his widow) his executrix, who instituted this proceeding in June, 1877, against the creditors of her testator, to have her dower allotted. The case agreed states ;

that said will was duly admitted to prob ate on the 27th of February, 1876, and the plaintiff qualified as executrix ; that she proceeded to collect the assets of the estate and paid some of the debts of her husband in full; that she *bona fide* supposed the estate was solvent and was worth $75,000 over and above all liabilities during the entire time within which she was allowed by law to dissent from said will ; that thereafter, to wit, after six months from the date of her qualification as executrix, she became satisfied that the estate of her husband was insolvent; and it was agreed that said estate is insolvent, and that by the terms of the will the entire estate both real and personal was devised and bequeathed to the plaintiff, and that it was necessary to sell the real estate to pay the debts of the plaintiff's testator.

Upon this state of facts His Honor was of the opinion that the plaintiff was entitled to dower out of the lands described in the pleadings, not exceeding the quantity she would have been entitled to by right of dower had her husband died intestate, and gave judgment accordingly, from which the defendants appealed.

*Messrs. J. M. McCorkle, A. W. Haywood* and *G. N. Folk,* for plaintiff.

*Messrs. R. F. Armfield* and *M. L. McCorkle,* for defendants.

BYNUM, J. "Every widow may dissent from her husband's will before the Court of Probate of the County in which the will is proved, at any time within six months after probate." Bat. Rev. ch. 117 § 6. Where the widow does not dissent, there is no prescribed time within which she must apply for dower, and as in this case she enters no dissent to the will and makes no application adverse to her rights under it, there is no statute and no principle of the common law which bars her right of dower, or the equiva-

lent of it, in the lands of the husband. The case of *Men-denhall* v. *Mendenhall*, 8 Jones 287, is therefore not in point.

The claim of the widow in this proceeding is based upon Rev. Code ch. 118, § 8, which is in these words; "The dower of the widow, and also such lands as may be devised to her by his will, if such lands do not exceed the quantity she would be entitled to by right of dower, shall not be subject to the payment of debts due from the estate of her husband during the term of her life." It cannot admit of a doubt that this statute secures and was intended to secure a provision out of the husband's lands to the widow in two cases,—(1) where dower has been actually assigned, as in cases of intestacy and dissent from the husband's will, and (2) where the husband devises lands to the wife, which are presumed to be in lieu of dower. In the latter case of a devise by will, the statute expressly secures to the widow for her life such lands "if they do not exceed the quantity she would be entitled to by right of dower."

Dower is a favorite of the law, and cannot be lost or forfeited except for the causes prescribed by statute or the common law. What is the cause of forfeiture alleged here? It is that the plaintiff offered the will for probate, qualified as executrix, and assumed and exercised the duties of the office for sixteen months before making this application for dower. But what of that? It neither involves a dissent from the will nor a claim adverse to it. By the will she is entitled to all the land, but by this proceeding she proposes to remit her claim to all except one third of what was devised to her absolutely, and she proposes to take that one third for life only. The creditors have no cause of complaint, for the widow claims only what the law would have given her exempt from debts, if the husband had died intestate or she had dissented from his will. They are in the same condition if dower is allowed, as they would have been in case of the intestacy of the husband; and they have no

SIMONTON *v.* HOUSTON.

merit of their own, nor is there any default of the widow which entitles them to be placed in a better position. The creditors propose to gain by depriving her of all that the husband gave her by will, or that the law gave her without will. Certainly, consequences so serious, stripping her of all means of support, cannot result from her temporary delusion, a delusion however common to the whole community, that the estate was not only solvent but exceeded its liabilities by $75,000. As soon as she discovered the true condition of the estate, and her *bona fides* is a fact admitted in the case agreed, she instituted these proceedings for dower. The application is in apt time, and there is nothing in it partaking of a dissent from the will inconsistent with its provisions for her benefit, or conflicting with her duties faithfully to discharge the office of executrix. But it is needless to dilate when the law is positive. The statute secures to the widow a provision in lands of equal value to the dower which she would have been entitled to in case of the husband's intestacy. Strictly speaking it is not dower, for the widow claims under the devise and not against it; but her claim is for lands devised to her not exceeding in quantity what she would be entitled to by right of dower. The law has pointed out no mode for ascertaining and setting apart this equivalent and substitute for dower; but this beneficient provision for widows will not be allowed to fail for want of an adequate remedy, and by analogy to the mode for allotting dower, the same remedies we think are applicable and proper in cases like the present one; and such are the proceedings here. *Ex Parte Avery*, 64 N. C. 113.

No error.

PER CURIAM.                    Judgment affirmed.