\* W. C. WOOD, Executor, v. J. H. SKINNER and others.

*Practice—Jurisdiction—Petition to sell real estate for Assets.*

1. Petitions to sell real estate for assets by executors or administrators must be filed in the Probate Court.

2. When issues of fact are raised on such petitions, it is the duty of the Probate Court to transfer the trial thereof to the Superior Court in term time where all the questions, both legal and equitable, can be settled.

(*Wiley* v. *Wiley*, Phil. Law 131 ; *Finger* v. *Finger*, 64 N. C. 183, cited and approved.)

SPECIAL PROCEEDING, commenced in the Probate Court of CHOWAN, and heard on appeal at Chambers, in 1877, before *Eure, J.*

The plaintiff executor filed a petition in the Probate Court to sell the land of his testator, John Skinner, to pay debts. His personal property was of the value of $—, and fully sufficient to discharge the same. The property of the testator was kept together by the executor, the lands cultivated, and the money raised by a sale of the crops, applied to the payment of debts, as also was the proceeds of sale of slaves in 1863, except the sum of $9,000, which was invested in Confederate bonds. All the debts were paid except the one described in the pleadings due Edward Wood, who refused to take Confederate money, and in November, 1863, he bought the land at private sale for the amount of his debt, and went into possession of the same, and after the close of the war, he put up valuable and permanent improvements thereon, and has cultivated the land up to the commencement of this proceeding. The plaintiff executor,

\* SMITH, C. J. having been of counsel did not sit on the hearing of this case.

and the executor and heirs at law of said Edward Wood (who died in 1872) asked that an account be taken of the debt alleged to be due Edward Wood's estate, and the value of said improvements, agreeing to be charged with the rents and profits, and that a sale of the land be ordered to pay such balance as may be found due. The defendants insist that the proceeding be dismissed because the debt once due to Edward Wood has been satisfied by the said purchase of the land by him, and because the plaintiff executor has not accounted for the personal assets which were sufficient to pay all the debts as aforesaid. The Probate Judge held that said debt was not satisfied, and that the plaintiff executor was not chargeable with the amount of sales of the slaves, which was lost in Confederate bonds, and ordered an account to be taken to ascertain the amount of principal and interest of the Wood claim, the value of said improvements, and the value of the rents and profits of said land since the purchase by Edward Wood. And upon the hearing before His Honor the defendants' motion to dismiss for want of jurisdiction, was allowed, and the plaintiff appealed. See *Skinner* v. *Wood*, 76 N. C., 109.

*Messrs. Gilliam & Gatling*, for plaintiff.
*Messrs. J. B. Batchelor*, and *J. W. Albertson*, for defendants.

READE, J. The statute authorizes the Probate Court upon the application of the personal representative of a deceased person to order a sale of real estate for assets to pay debts whenever the personal estate is exhausted and there are debts outstanding and unpaid. And also authorizes said Court to take an account of the administration so as to determine the necessity for such sale. Bat. Rev. ch. 45, § 99.

It was therefore proper for the plaintiff to file his petition as he did in the Probate Court to sell the land. The said Court had jurisdiction.

When the defendants were brought in as parties, and objected to the sale, that did not oust the jurisdiction; but when they objected to the sale for the reasons alleged—that there was no debt due and unpaid, and that the plaintiffs had wasted the personal estate—then issues of fact were raised which the Judge of Probate could not try. And it became necessary that he should transfer the issues to the Superior Court in term time to be tried, or there might have been an appeal. C. C. P. § 490. And then the Superior Court in term time could dispose of all the questions, legal and equitable, meeting the suggestions in *Wiley* v. *Wiley*, Phil. 131, and *Finger* v. *Finger*, 64 N. C. 183.

It was error, therefore, to dismiss the petition for want of jurisdiction in the Probate Court. There is no other point presented to us at this time.

Error.

PER CURIAM.                                    Judgment reversed.