JANE C. YORKLY v. MARY A. STINSON et als.

*Wills—Election—Widows.*

1. The fact that a widow enters a *caveat* to a will and contests its validity, does not prevent her from accepting any benefit given her by the will, if its validity is established, or from entering her dissent thereto in the proper time.

2. Where a widow agrees to adhere to the provisions of a will, and in consequence thereof the executor proceeds to pay legacies and assume obligations which would cause loss to him if the widow were to dissent, she will be estopped by her agreement, and will not be allowed to dissent, but where in such case she offers to put the estate *in statu quo*, and the executor has not acted under her agreement so as to cause him any loss whatever, she is not estopped.

3. Where a widow is appointed executrix and proves the will and qualifies, she cannot afterwards renounce and dissent, but must carry out the will in all of its provisions.

(*Ramsour v. Ramsour*, 63 N. C., 231; *Hinton v. Hinton*, Phil., 410; cited and approved; *Mendenhall v. Mendenhall*, 8 Jones, 287; *Syme v. Badger*, 92 N. C., 706; cited and approved).

PETITION FOR DOWER, heard by *MacRae, Judge,* on appeal from a judgment of the clerk, at March Term, 1886, of DAVIDSON Superior Court.

Samuel Yorkly died in July, 1881, leaving a will, wherein he appoints the defendant William F. Henderson executor

and testamentary guardian to his infant son, the defendant Samuel Hill Yorkly.   He left also a daughter, the defendant Mary A. Stinson, and the plaintiff, his surviving widow.   At the time of his death the testator possessed over 500 acres of land, of which he devises one half to his wife for life or widowhood, and the residue to his son in fee.   Of his personal estate he bequeaths certain articles of the estimated value of $600, and a like sum in money.   The will makes some provision for the daughter, but it is impossible to state more specifically the testator's dispositions of the estate, as no copy of the will, though declared in the complaint to be annexed thereto as a part, is found in the transcript, and only such information of its contents is furnished as is set out in the case agreed.

The will was proved in common form before the clerk on August 1st, 1881, and the executor and testamentary guardian assumed the trusts conferred, and undertook their due discharge.   On the next day, after being advised of her right to dissent, the plaintiff gave her assent in writing to the will.

Afterwards, upon being more fully informed of her rights, and, as we suppose, with knowledge of the condition of the testator's estate, she entered her dissent thereto, on January 27th, 1882, in the manner and within the time limited by law.

On the same day, the plaintiff and the two children, she acting in the capacity of next friend to the infants, entered a *caveat* to the probate, and the issue thus made up and transferred to the Superior Court and afterwards removed from Davidson to Rowan county, was tried, and a verdict rendered in favor of the script.

During the interval between the giving the assent and its recall by an entry of dissent on the record, the plaintiff received the legacies given her by the testator, and has taken possession of and appropriated the use and profits of the devised real estate to her own benefit.

The present suit is for dower, and is accompanied with an offer to account for whatever of the personal estate has come into the plaintiff's hands.

It is stated that the defendant Mary A. has been advanced in the testator's life-time, about the year 1848 or 1850, in personal property of the value of $2,650, of which there were six slaves that were sold at $400 for each, at the time when so advanced, and the plaintiff avers that this advancement being accounted for, she has had but little, if any more than a child's part.

The only answer put in, is that of the executor and testamentary guardian, and it sets up as a defence to the action the adversary and unsuccessful proceedings in opposition to the probate of the script, and the written adherence to the instrument, when proved *ex parte*, and the acceptance of the legacies and devises given her under it. It does not appear that any disposition of the personal assets, in the payment of debts or otherwise, will be disturbed by giving effect to the dissent, nor, if the funds are restored, that the estate cannot be administered as effectually and justly as if the dissent had not been given at the earliest moment. No complications are suggested, rendering it inequitable to remit the plaintiff to the share to which she would have succeeded in case her husband had died without making a will.

There was a judgment for the defendants and the plaintiff appealed.

*Mr. Frank Robbins,* for the plaintiff.
*Mr. Dan'l G. Fowle,* for the defendants.

SMITH, C. J., (after stating the facts). We attach no special significance to the fact that the plaintiff, with others, availed themselves of a clear legal right, possessed by every person interested in the result, to have the alleged testamentary paper propounded anew and proved *per testes.* The right to

require this in a proper manner, is conferred by law, and its exercise cannot be attended with the deprivation or impairment of other rights, because of an unsuccessful opposition to the script. It remains as if no resistance had been offered to the probate, for the plaintiff to assert any just claim accruing to her under the will, when established, as to accept the provisions made for her by law upon her recorded dissent thereto.

The ruling of the Court below, adverse to the object sought in the action, is based upon the inconsistency of her taking and using property given her by the testator, and her present attempt to annul and render the will inoperative, so far as affects herself. It assumes that she has made an election, and cannot now be heard to reverse it. There would be much force in this reasoning, if the administration had been conducted upon the faith of her adhesion to her declared purpose, to abide by the instrument, supported by her receiving the benefits it gives her, and dispositions made of the funds or obligations assumed, incompatible with the present claim, and which could not now be disturbed without loss or detriment to the executor, who relied upon her good faith in what was afterwards done. Such a case might furnish ground for an equitable estoppel against the right of dissent, and deny to her the statutory relief. But no such difficulties are suggested, and so far as appears, the return of the legacies and of rents for which the plaintiff may be liable, would restore the state of things existing at the original probate, and leave open the pathway to a due administration of the estate, without interfering with intermediate rights or interests of the personal representative or of others.

The statute (*The Code,* §2108,) allows six months from probate within which a widow may make an election to take under the will, or against it under the law, and this period is given in order that she may fully learn the condition of the estate and the advantages to be derived under

the provisions made for her. as compared with those accruing, as in case of an intestacy, and thus to considerately and intelligently exercise her right to dissent. We do not find in the facts any just ground for depriving her of the statutory provision in her behalf, of which she has undertaken to avail herself within the time limited by law.

The opinion of the Court was governed, we presume, by the decisions in *Mendenhall* v. *Mendenhall,* 8 Jones, 287, and *Syme* v. *Badger,* 92 N. C., 706, supposed to involve the same principle. But in those cases the estoppel was held to apply to a widow, who was appointed to execute the will, and of course in all of its provisions, and who accepted the office and undertook to carry out its directions, with which the legal effect of a dissent was wholly inconsistent. The subject is considered in the last cited case, and leaves nothing now to be added.

But the case of *Ramsour* v. *Ramsour,* 63 N. C., 231, if not an authority, is in the line of the views we have taken of the present application.

In that case the plaintiff, who demanded dower in the action, had in May, 1868, conveyed part of the land claimed to be subject to dower to one Baxter in payment of her individual debts; and in August following caused her dissent to the will to be entered, under the extension of the time for doing so allowed by the act of February 22d, 1866, (see *Hinton* v. *Hinton,* Phil., 410). The Court below ordered the writ of dower to issue, and this ruling was affirmed on appeal.

We have not adverted to the haste with which the assent was given, nor to the unusual·promptness with which the legacies were paid over, apparently to confirm and conclude her election, as tending to deprive the plaintiff of the time given by law for an examination of an estate, its resources and liabilities, and an intelligent and careful reflection as to the course to be pursued under the circumstances. They cer-

tainly do not indicate that deliberation in action which should conclude and estop her from the subsequent exercise of a legal right to make a different choice. At least we cannot, *per se*, give such force and effect to the simple facts set forth in the case before us.

It must be declared there is error in the ruling, and the judgment must be reversed, and judgment rendered for the plaintiff; and to this end, and for further proceedings in the Court below, let this be certified.

Error.                                                    Reversed.