FLORENCE S. VANCE v. CHARLES N. VANCE, and others.

*Special Proceedings—Equitable Defenses—Equity Jurisdiction of Clerk—Dower.*

1. The clerk in special proceedings has no power to make any order granting affirmative equitable relief.  Equitable defenses may be set up in the answer in such proceedings by way of avoidance, and when such equitable defenses exist they should be so pleaded ; but when pleaded they amount to no more than defenses, and cannot be affirmatively administered.

2. There is no necessity for filing a reply when an equitable defense is set up in the answer in a special proceeding.

VANCE *v.* VANCE.

3. A. purchased land upon which there were mortgages, and
   assumed the payment of the mortgage debts. Thereafter A.
   sold land belonging to his children, under a power of
   attorney from them, and paid off the mortgages with the
   proceeds. The deed to A. for the land was in fee and duly
   registered. These facts appeared in a proceeding for dower,
   and the heirs insisted that a trust resulted to them in the
   land, and that petitioner was not entitled to dower therein.
   There being no allegation that the deed to A. was taken by
   mistake, accident or fraud, a judgment for dower was proper.

This was a PROCEEDING commenced by the plaintiff
before the Clerk of the Superior Court of MECKLENBURG
County for the purpose of having her dower allotted to her
in the real estate of her husband, the late Honorable Z. B.
Vance. The plaintiff filed her petition before the Clerk
and the defendants answered the same. Issues having
been raised by the pleadings, the Clerk ordered the cause
to be transferred to the Superior Court for trial, and the
same was tried before his Honor, *Henry R. Bryan, Judge,*
at the January Term, 1896, of MECKLENBURG Superior
Court.

The petition for dower filed before the clerk was in the
usual form. By Section 2 petitioner alleged:

That her said husband during his marriage with her
was seized in fee-simple and possessed of the following real
estate:

" (3) One tract, in said county of Buncombe, on Bee
Tree creek, conveyed to said Zebulon B. Vance, by Rob-
ert B. Vance, and containing about twelve hundred acres."

The portion of the answer upon which the points in
controversy in the Supreme Court arose is as follows:

That, in answer to subsection three of said second para-
graph of said complaint, the mother of the defendants
Chas. N., Thomas M., and Z. B. Vance and grandmother
of defendants Epsy and Ruth Vance, a former wife of

said intestate Zebulon B. Vance, in the year 1877 died seized and possessed of a large and valuable tract of land in the city of Asheville and in the County of Buncombe in said State, without having left any will and testament, which land descended to the defendants, Chas. N., Thos. M., Z. B. Vance, and to David M. Vance, deceased, the ancestor of defendants Epsy and Ruth Vance, as her only heirs-at-law, subject to the estate of the said Zebulon B. Vance, now deceased, as tenant by the curtesy therein.

That some time thereafter, about the year 1889 or 1890, the said Zebulon B. Vance purchased the tract of land referred to in said subsection three of said second paragraph of said complaint and had the same conveyed to himself; that the purchase-money for said land, to-wit, about the sum of $3,500, was paid by the said intestate with money which said intestate had in his hands derived from a sale made by the defendants, Thomas M., Charles N. and Z. B. Vance, and the said David M. Vance now deceased, and said intestate, which money was the property of said defendants and said David M. Vance, subject only to the life-estate of said Zebulon B. Vance therein, and that therefore the said Zebulon B. Vance held said land not in fee-simple absolute, but in trust for the use and benefit of these defendants, and that in equity he owned at most only a life-estate therein, and that said deed of conveyance should be corrected, that the plaintiff is not entitled to dower in said tract of land, and that the court should so decree.

Wherefore the defendants pray judgment that they be declared to be the owners of said tract of land described in said third subsection of said second paragraph of said complaint free from the claim of the dower of the plaintiff—and to have such other and further relief as they are entitled to.

The other facts appear in the opinion.
Defendants appealed.

*Messrs. Burwell, Walker & Cansler,* for plaintiff.
*Messrs. C. Dowd* and *Brevard Nixon,* for defendants (appellants).

MONTGOMERY, J.: The defendants, in their answer to the petition for dower, admitted that the legal title to each and every lot or parcel of land described in the petition was in the husband at the time of his death; but they averred that one of the parcels, (the Bee Tree tract,) in equity belonged to them, and that the petitioner therefore was not entitled to dower therein. Issues of fact were raised by the pleadings, and under Section 256 of *The Code* the case was transferred to the Civil Issue Docket for trial. At January term, 1896, upon the case being called, the defendants' counsel stated that, as the answer set forth facts which constituted an equitable defense and counter-claim and prayed for affirmative relief, he thought there should be a reply to the same by the petitioner. The counsel of the petitioner thought a replication unnecessary. It was then agreed that a jury trial should be waived, and that the judge should pass upon the issues of fact and law and render judgment accordingly. The defendant's counsel then moved for judgment upon the answer on account of the failure of the petitioner to make replication. Upon our first examination of the matter of the motion for judgment, we were inclined to the view that an equitable counter-claim could be set up in the answer; that if no replication was filed, the clerk would, on his own motion, send the matter on to the judge *in Chambers,* as under the old chancery practice, for his orders and directions as to how to administer the equities; and that, if issues of fact were raised concerning the alleged

equities, the case would be transferred to the ensuing term of the court for the trial of the issues. But upon fuller investigation we are of opinion that the clerk in special proceedings has no power to make any order or decree granting affirmative equitable relief. *Bragg* v. *Lyon*, 93 N. C., 151. New matter by way of avoidance may be set up in the answer containing equitable rights, and when such rights exist they ought to be pleaded before the clerk, but when pleaded they amount to no more than an equitable defense. This question has not been directly presented to this Court before, but the same principle of pleading has been applied to actions before a justice of the peace where equities were set up in the answer. *Lutz* v. *Thompson*, 87 N. C., 334; *McAdoo* v. *Callum*, 86 N. C., 419. The motion to dismiss the petition, for failure on the part of the plaintiff to reply to the answer, was properly overruled by his Honor.

A jury trial was waived by the parties and the issues of fact and law were by consent tried by the judge. His Honor found as facts in substance: 1. That in 1888 the husband of the petitioner purchased the land called the Bee Tree tract, took a deed for it and had it registered; that the vendor owed a debt of two thousand dollars to Baylus and one of fifteen hundred dollars to Davidson, secured by mortgage upon the land, which the vendee agreed to pay, and that he did pay them in 1891; that in 1890 or 1891 the husband of the petitioner, under a power of attorney from his children by a former marriage, who were all of full age, sold a part of the real estate of his former deceased wife, (mother of the children who gave the power of attorney,) in which he had a life-estate as tenant by the curtesy, and from the proceeds of the sale paid the debt referred to of Baylus and Davidson. 2. That the husband of the petitioner died in April, 1894, (in Washing-

ton, D. C.) regarding Charlotte as his place of residence, having voted there in 1892. All and every part of the testimony went to prove the fact as found by his Honor, and there was nothing in the averments of the answer intimating that the deed was not written just as it ought to have been. No intimation that the deed was taken by mistake, accident or fraud. The case was argued before us simply on the point of practice, which we have decided against the defendants. On the facts found by his Honor, the court concluded and adjudged:

" 1. That the petitioner is entitled to dower in the Bee Tree tract of land, as well as the other lands mentioned in the petition.

" 2. That the house in Charlotte was not the last usual place of residence of the said Zebulon B. Vance."

" It is therefore adjudged by the court that .the petitioner is entitled to dower in all the lands described in her petition ; it is further adjudged that the same be allotted to her in the manner provided by law." An order was also made for an account to be taken of the rents which have been collected since April, 1894, and that the petitioner's part thereof be ascertained. The defendants appealed.

We see no error in the rulings made by his Honor, and the judgment seems to be a proper one.

No Error.