AUSTIN v. AUSTIN.

(Filed March 31, 1903.)

ESTOPPEL—*Former Adjudication—Judgments—Executors and Administrators—Res adjudicata.*

A proceeding by an administrator to sell land for assets to pay debts is not conclusive against the heirs at law as to the validity of the alleged debts.

ACTION by B. D. Austin, administrator of W. H. Austin, against J. K. P. Austin and others, heard by Judge *T. A. McNeill* and a jury, at March Term, 1902, of the Superior Court of UNION County. From a judgment for the plaintiff, the defendants appealed.

*Redwine & Stack,* for the plaintiff.
*Adams & Jerome,* for the defendants.

CONNOR, J. This was a special proceeding instituted by the plaintiff administrator against the defendants, distributees of his intestate, for the purpose of having his final ac-

count audited and approved and a final settlement of the estate of his intestate. Upon a return of the summons, a portion of the defendants filed their answers in which they allege that certain items of credit in the account, for which the plaintiff claimed credit, represented cash retained by him upon notes alleged to be due to himself against his intestate for the security of which he claimed to hold mortgages upon the real estate of his intestate; that the said mortgages were invalid and void, without any consideration, and they demand that said credits be not allowed the plaintiff in his final account.

The plaintiff filed a reply to the answer denying the allegations in regard to the said items of credit, and by way of further reply allege that "there was a special proceeding instituted in the said county and State on the 15th day of February, 1897, for the purpose of obtaining an order to sell the land of the deceased, W. H. Austin, for the purpose of creating assets to pay the debts of the said deceased; that in the petition filed in said proceeding it was set forth that there were three mortgages on said land, it being the land covered by the mortgages in dispute or controversy before the court; that said mortgages or the notes secured thereby amounted to about $700, and the mortgages set out in the answer as being void are two of the mortgages referred to in the petition in said proceeding, as hereinbefore referred to; that in said special proceeding the defendants in this cause were the defendants in that proceeding and were legally made parties before the court; that the defendants contending in this cause, except the minor defendants, filed no answer, and the minor defendants, through and by their guardian *ad litem,* Iredell Hilliard, an attorney of this court, filed an answer admitting the allegations therein made; that the summons, petition, answer, orders and decrees filed in the special proceeding hereinbefore referred to are on file in

the office of the clerk of this court, and are hereby referred to and prayed to be taken as a part of the replication." The plaintiff pleads said record and proceeding as an estoppel, and says that the defendant should not again bring into litigation the validity of said mortgages or the notes secured thereby.

Upon the pleadings, the proceeding having been duly transferred to the Superior Court, issues were submitted to the jury upon and in respect to the matters set up by way of estoppel and were answered in the affirmative, and judgment was rendered that the defendants are estopped to set up the matters and things alleged in their answer in respect to the validity of said notes and mortgages given to secure the same, from which the defendants appealed.

Allegation 4 of the petition filed by the plaintiff administrator against the defendants, heirs at law of his intestate, for the purpose of obtaining license to sell the real estate to make assets, is in the following language: "That the personal property of the said W. H. Austin is of small value, and will not sell for more than one hundred or one hundred and fifty dollars, and will not be nearly sufficient to pay the debts of the intestate, and it will be, and is now, necessary to sell the real estate above described to make assets to pay the said debts, there being three mortgage debts on the land above described amounting to more than $700 in addition to other debts not secured by mortgages." The two items refered to in the answer represent two notes and mortgages aggregating $657.07.

We think that there was error in the court in holding that, upon the record and findings by the jury, the defendants were estopped to deny the validity of the notes and mortgages claimed by the plaintiff against his intestate. The case of *Latta v. Russ,* 53 N. C., 111, would seem to be decisive of the question. There, the contention was made, as it is here, that the decree by which the land was sold, and to which the devisees were

parties, concluded them as to the amount of the debts, etc. The court, Pearson, C. J., says: "We do not concur with his Honor in the view taken by him of the question reserved in respect to the effect of the decree giving the administratrix license to sell the lands. The decree was an adjudication that it was necessary to sell, and is conclusive in favor of the title acquired by the purchaser, but it is not conclusive of the question of debt or no debt, as against or in favor of creditors, or as against or in favor of heirs." *Finger v. Finger,* 64 N. C., 183. It will be observed that in *Latta v. Russ* it is stated that "the administratrix filed her petition setting forth that she had exhausted the personal estate and that there remained a certain amount of debts (stating them) unpaid, etc." In this case the averment is that the "debts are three mortgage debts on the land above described amounting to more than seven hundred dollars in addition to other debts not secured by mortgage."

It would therefore seem that the allegation is much more definite in the first than the present case. In this case, no answer was filed by the adult defendants. The infants answered by their guardian *ad litem,* admitting the allegations. The plaintiff contends that the proceeding in *Latta v. Russ, supra,* was conducted under the statute in force prior to 1868, the date at which our judicial system was changed. The case is not an authority which should be followed by us. Revised Code, Chapter forty-six, Section forty-five, *et seq.,* prescribes the procedure by which the personal representative may obtain license to sell real estate to make assets. Among other things he is required in the petition to set forth "the amount of the debts as nearly as they can be ascertained." The same requirement is made by Section 1437 of The Code. The proceedings subsequent to the filing of the petition are substantially the same, prior to and since 1868. Jurisdiction is vested in different courts, but the same de-

fences are open to the heirs under both systems of procedure. The Court of Pleas and Quarter Sessions had no equitable powers, except when expressly conferred by statute. *Thompson v. Cox,* 53 N. C., 311; neither has the clerk "acting as and for the court" any jurisdiction to administer equitable relief, but defenses may be interposed raising issues, the ultimate determination of which in the Superior Court upon the cause being transferred, will involve such rights and remedies. *Wood v. Skinner,* 79 N. C., 92.

In McBryde v. Patterson, 73 N. C., 478, Pearson, C. J., discussing the question says: "But the case was properly instituted before him (the clerk) in the first instance by the petition for partition, and the question of legal and equitable grounds of relief raised by the subsequent pleadings, which questions he had no power to dispose of, did not authorize a judgment dismissing the case. *Helms v. Austin,* 116 N. C., 751; *Vance v. Vance,* 118 N. C., 864; *Roseman v. Roseman,* 127 N. C., 494. While the defendants in the special proceeding may be filed an answer putting in issue the existence of valid debts, and thereby raised issues to be tried by the court in term, we not think that they were required to do so, or that their failure to do so estopped them from setting up the contention in their answer herein. The only purpose of the proceeding was to ascertain whether it was necessary in the then condition of the estate to sell the real estate for the purpose of making assets to pay debts. The estate was not then in a condition for final settlement. We think that the principle upon which *Tyler v. Capehart,* 125 N. C., 64, is decided, is applicable to the facts in this case. "A judgment is decisive of the points raised by the pleadings, or which might properly be predicated upon them, but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiffs have joined, but which in fact are neither joined nor em-

braced in the pleadings"—citing *Williams v. Clouse,* 91 N. C., 322; *Gregory v. Hobbs,* 93 N. C., 1; *Jones v. Beaman,* 117 N. C., 259. In the last mentioned case the court say: "The judgment can be conclusive only so far as it affects rights presented to the court and passed upon."

We think that the judgment should be reversed and that the Superior Court, in term, should submit appropriate issues raised by the answer to the jury. As the cause is now in the court, we think that it should retain jurisdiction and dispose of it. Thereᵈ is