W. B. WEBSTER et al. v. T. E. WILLIAMS et al.

(Filed 26 October, 1910.)

Pleadings—Amendment—Cloud on Title—Nonsuit—Issue.

> In a proceeding for partition of land, plaintiffs, by inadvertence in describing the land, included two acres in which they claimed no interest. The Court, without objection, allowed an amendment expressly excluding that part of the land from the description. Appellant, served with process only in behalf of his children who lived with him, filed an answer asserting title in himself to the two acres and asking that plaintiff's claim, which was a cloud upon his title, be removed. *Held,* proper to refuse the submission of an issue based upon the averment of the answer after the amendment had been made without objection, which left the appellant without any basis for his alleged counterclaim, he not claiming any interest in the remainder of the land. *Held further,* that the amendment was not in the nature of a nonsuit, but was intended to remove vagueness from the description of the land.

APPEAL from *O. H. Allen, J.,* at the July Term, 1910, of LEE. The facts are stated in the opinion of the Court.

*H. F. Seawell* and *D. E. McIver* for plaintiffs.
*Hoyle & Hoyle* for defendant Williams.

WALKER, J. This is a proceeding for the partition of lands, commenced before the clerk and transferred to the Superior Court for trial. The petitioners allege that they are tenants in

common with the defendants of two tracts of land, one of which is known as the Colon tract or home tract of R. B. Webster. The interests of the respective parties are therein set forth, but the name of T. E. Williams does not appear among the parties, though his children, Bertha and Annie Williams, are mentioned, and it is alleged that they are minors and reside with their father. This would tend to show that he was made a party, not, it seems, as their guardian, but merely because they lived with him. Why this was done, we do not know. At all events, it appears that the petitioners did not make him a party because he had any personal interest in the land as tenant in common or otherwise. He is neither a necessary nor proper party. His name was inserted in the summons, perhaps, under the mistaken notion that, as by Revisal, sec. 440 (2), a copy of the summons is required to be left with the father, if living within the State, and if his infant child, who is a party, is under the age of 14 years, it is necessary that the summons should be directed to him. There was no intention, in this case, of making T. E. Williams a party for the purpose of requiring him to defend any personal interest he may have claimed in the land. He filed an answer in his own behalf, in which he alleges that, as to the two acres of land known as the home tract of R. B. Webster, he is the owner and is sole seised thereof, by virtue of a deed made by R. B. Webster and his wife to him, in the year 1898; that the said deed was destroyed by fire and he then alleges, on information and belief, that the petitioners and his co-defendants claim an interest therein. He prays that he be declared the owner in fee simple of the said two acres. The relief he asks is, according to the argument of his counsel, that the cloud arising from the loss of his deed and the claim of the other parties, be removed from his title. The court, on motion of the petitioners, permitted them to amend the petition by excluding the two acres, described in the defendant's answer, from the description of the land as contained in their petition. The motion was allowed without objection. The defendant, T. E. Williams, asked the court to submit to a jury the issues raised by his answer, which request was refused and the cause remanded to the clerk to proceed therein with the partition of the land, except the two

acres. The defendant, T. E. Williams, excepted and appealed. He now contends that his defense can be set up in this proceeding under Acts of 1903, ch. 566 (Revisal, sec. 717), which changes the principle as stated in *Vance v. Vance,* 118 N. C., 864. Conceding this to be so, for the sake of argument, we still do not see any error in the ruling of the Court. It is true, as a general rule and as argued by defendant's counsel, that a plaintiff cannot, by submitting to a nonsuit, or by any action equivalent thereto, deprive a defendant of the right to be heard upon a counterclaim affecting said plaintiff adversely, but we do not think the plaintiff either submitted to a nonsuit or abandoned the prosecution of his cause of action, or any part thereof, and the case, therefore, is not governed by the authorities cited in the defendant's brief. *Bynum v. Powe,* 97 N. C., 374; *Gatewood v. Leak,* 99 N. C., 363; *Wilkins v. Suttle,* 114 N. C., 550; Pell's Revisal, sec. 481, and notes. The amendment was allowed to correct a mistake of the plaintiffs in the description of the land alleged to be held by the parties in common. They had inadvertently so described the land as being the home tract which had descended from R. B. Webster to his heirs, without expressly excepting the two acres which, it is alleged, had been conveyed to T. E. Williams by R. B. Webster, and thereby left it uncertain whether they referred in their petition to the original home tract or to so much thereof as had descended to the heirs; or, in other words, to the home tract as it was when R. B. Webster died. If the two acres were not a part of the home tract at the time of R. B. Webster's death, they did not descend and were not, therefore, embraced by the description; otherwise they were. It was to make the description clear in this respect and to remove its vagueness that the amendment was allowed, and we think properly so. The amendment did not withdraw the two acres from the description, but was merely for the purpose of showing that it was not intended to be included in the description. The counterclaim or defense was not, therefore, "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." Revisal, sec. 481. The defendant, T. E. Williams, it appears, has no interest in the

other part of the land. If he has; his share will be allotted to him in the division. He may bring an independent action and assert the rights now claimed in his answer, if so advised.

No error.