ATLANTIC TRUST AND BANKING COMPANY v.
MARY FOY STONE ET AL.

(Filed 23 October, 1918.)

**1. Wills—Widow's Dissent—Insolvent Estate.**

The failure of a widow to dissent from her husband's will within six months does not prevent her from claiming dower, or its equivalent, in the lands devised when it appears that the estate is insolvent.

**2. Judgments—Estoppel—Dower—Statutes—Executors and Administrators —Sales of Land to Make Assets.**

The statute, Revisal, sec. 3082, gives the right of dower to the widow of the deceased free from the payment of his debts, etc., and where she has not dissented from the will of her husband, but has been made a party to proceedings brought by the administrator, C. T. A., to sell lands to pay debts due by the estate, she is not estopped by the final judgment therein to claim her right of dower from the insolvent estate, as such right was not at issue or properly included in the administrator's proceedings; and this applies to the net proceeds from a sale thereunder of part of the lands as well as to an unsold remainder thereof. The conflicting decisions as to estoppel by judgment reconciled by ALLEN, J.

WALKER, J., dissents.

APPEAL by both parties from *Lyon, J.,* at the April Term, 1918, of NEW HANOVER.

This is a petition for dower filed in a special proceeding to sell land for assets.

B. O. Stone died in the county of New Hanover leaving a will in which he devised and bequeathed all of his property to his wife, Mary Foy Stone, and his children, and the Atlantic Trust Company qualified as his administrator with the will annexed. Thereafter the administrator filed his petition to sell the lands of the testator for assets and the widow of the said B. O. Stone and his children were parties to said proceeding.

Orders of sale were made in said proceeding and a part of the lands sold and the sales confirmed, and the proceeds of the sales being now in the hands of the administrator and other parts of the lands remain unsold. Nothing was said in said proceeding of the right of the widow to dower.

When the testator first died it was believed that his estate was solvent and that there would be a large amount after the payment of debts, belonging to the widow and her children, and for this reason and because she was advised by a reputable attorney that her failure to dissent from the will within six months would prevent her claiming dower she made no claim thereto until January, 1917, more than a year after the petition to sell lands for assets was filed, and she then filed her petition in

the cause demanding the allotment of dower. The estate of the said B. O. Stone is insolvent.

His Honor held, and so adjudged, that the widow was not entitled to dower or other interest in the lands that had been sold or in the proceeds thereof, and that she was entitled to dower in the lands remaining unsold, and both the widow and the trust company excepted and appealed—the widow upon the ground that she was entitled to dower in the proceeds of the sale and the trust company upon the ground that she was not entitled to dower in the lands remaining unsold, claiming that she was estopped by the orders and decrees in the special proceeding to claim dower either in the proceeds of the sale or in the lands remaining unsold.

*Rountree & Davis for trust company.*
*E. K. Bryan for widow.*

ALLEN, J. It is conceded by counsel for the trust company that the failure of the widow to dissent from her husband's will within six months does not prevent her from claiming dower, or its equivalent, in the land devised to her, and this position is fully sustained by the authorities. *Simonton v. Houston,* 78 N. C., 408; *Lee v. Giles,* 161 N. C., 545. The trust company does, however, contend that the orders and judgments in the special proceedings to sell land for assets, to which the widow was a party, are valid, and that they estop her from claiming dower.

Assuming the orders and judgments to be regular, it cannot be questioned that they estop the widow to claim dower in the land which has been sold and the sales confirmed, and that they fully protect the purchasers, but do they go further and prevent the widow from claiming the value of her dower in the proceeds of the sale now in the hands of the trust company, the administrator, and dower in the lands remaining unsold? This depends upon whether the right to dower was adjudicated and denied in the special proceeding or necessarily involved therein.

We find it stated in some of the authorities that judgments estop not only as to the matters actually litigated, but also as to those that might have been litigated, and in others that they estop only as to the matters in issue and determined, but this conflict of opinion is apparent, not real, the difference in statement of the legal principle being due to the difference in the several actions, the first being applicable when the second action is on the same claim or demand, and the other when it is on a different claim or demand.

The distinction is stated very clearly in *Cromwell v. County of Sac,* 94 U. S., 351, approved in *Clothing Co. v. Hay,* 163 N. C., 497, as fol-

lows: "The language, therefore, which is so often used, that a judgment estopps not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all causes, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

Applying this principle, the conclusion follows that the widow is not barred of her right to dower by the former proceedings, because this right was not put in issue or litigated, and the second proceeding, a petition for dower, is not on the same claim or demand as the first, a petition to sell lands for assets.

The case of *Latta v. Russ,* 53 N. C., 111, is decided upon this principle. There a petition was filed to sell land for assets, in which the several debts were stated and decrees of sale and confirmation entered, the lands sold and the proceeds applied to the payment of debts. The administrator then died and an action was commenced for an accounting of the estate, in which a referee found that, allowing credits for vouchers, there remained in the hands of the administrator $882.22, but if the debts be allowed as stated in the decrees, there would be in hand only $252.45.

The judge of the Superior Court held that the decrees were binding on the parties as to the amount of the debts as stated in the petition, but this was reversed on appeal, the court saying, "We do not concur with his Honor in the view taken by him of the question reserved, in respect to the effect of the decree giving the administratrix license to sell the land. That decree was an adjudication that it was necessary to sell and is conclusive in favor of the title acquired by the purchaser, but it is not conclusive of the question or debt or no debt as against or in favor of creditors, or as against or in favor of the heirs." This excerpt was quoted and applied in *Austin v. Austin,* 132 N. C., 265.

If, then, the widow is not barred of her right to dower, why should not its value be ascertained and paid out of the proceeds of sale, which

represent the interest of the heirs and devisees and of the widow? In other words, the trust company has now in hand as administrator, and is seeking to apply to the payment of debts, the value of the widow's dower, when the statute (Revisal, sec. 3082) says, "The dower or right of dower of a widow and such lands as may be devised to her by his will, if such lands do not exceed the quantity she would be entitled to by right of dower, although she has not dissented from such will, shall not be subject to the payment of debts due from the estate of her husband during the term of her life."

She is not asking to take anything from the creditors but for her own, which the law says "shall not be subject to the payment of debts." We are, therefore, of opinion the widow is entitled to dower in the proceeds of sale and, by the same reasoning, in the land unsold. She must, however, be content with the ascertainment of its value as to the land sold out of the net proceeds, because, having consented to the sale and conversion, she is justly chargeable with the ratable part of the expense.

We find no evidence as to the age of the widow, and the finding in this respect is

Reversed.

WALKER, J., dissenting: I am unable to concur with the majority in the opinion that Mrs. Stone is not estopped by the judgment directing a sale of the land, at least to the extent that it may be required to pay her husband's debts. It was surely adjudicated in this proceeding by solemn judgment, which she had the clear right and opportunity to prevent if it illegally deprived her of her right of dower, that the lands should be sold to pay the debts and to the extent that it was necessary to sell for this purpose she is estopped by her failure to assert that right in due and proper time. She failed to do so, and now proposes to controvert what was decided and to claim her dower before the debts are paid. She is disputing now the very question then decided, that the land should be sold and out of the proceeds of sale that the debts be paid. Is is an estoppel by record, or *res judicata*, within the principle stated in *Cromwell v. County of Sac*, 94 U. S., 351, and assuredly is so under the case of *Armfield v. Moore*, 44 N. C., 157, where land was partitioned, and it turned out after judgment that one of the tenants in common owned one-third of the land in another's right (*en auter droit*). This Court held that the judgment estopped as to this right, as it should have been asserted and passed upon before judgment entered. The Court said that "when a fact is decided in a court of record, neither of the parties shall be allowed to call it in question and have it tried again at any time thereafter so long as the judgment or decree stands unreversed." And again: "In a civil suit, if a fact be agreed on by the

parties, or be found by a verdict, and the court acts thereon and pro-
nounces a judgment or decree, neither party can be afterwards heard to
gainsay that fact so long as the judgment or decree stands unreversed.
An allegation of the discovery of important evidence after the admission
or trial, or a suggestion that the party made the admission of record
under a mistake as to his rights, cannot be listened to without upsetting
the whole administration of the law as a system and reducing it to a
mere arbitrary and despotic proceeding, by which the court in each case,
according to its view of the circumstances, may see fit to decide in the
one way or the other."

There is no suggestion of fraud or mistake in this case and no other
equitable claimant. It is a proceeding at law, and in permitting Mrs.
Stone to have dower in the land before the debts are fully paid we are
simply, in my opinion, reversing what was decided by the Court when,
upon consideration, it decreed a sale to pay debts. Whether she can
have dower if there is more than enough land to pay the debts and
proper costs and expenses, or whether, upon the facts, she is entitled to
dower at all, I need not say.

The case of *Latta v. Russ,* 53 N. C., 111, is not an authority favor-
ing the conclusion of the Court, but, I think, is rather the other way.
The right of the widow was put in issue because the court ordered all
of the land to be sold if necessary to pay debts, and that, of course,
included the dower, if any such right or estate existed. All interests
were directed to be sold, as nothing was excepted. In *Latta v. Russ,*
this Court simply held that there was no estoppel as to the amount of
the debts, for that was not in issue, and this was correct; but it did not
say there was no estoppel as to all rights that were included in the order
of sale. The court decided that there were debts without it being neces-
sary to say how many or how much indebtedness. It did decide that
"it was necessary to sell," and as to that part of the decree, said the
court, there was an adjudication which estopped. That is our case.