"A judgment was obtained against Hattan, in Nash County Court, at February Sessions, 1807. Execution issued thereon, and was returned to May, 1807, without any levy having been made. A second issued, tested May, and returnable to August term, 1807, on which was a return, "Rec'd Clerk's and Sheriff's fees" — And the execution directed to the Sheriff of Edgecombe, tested the second Monday of May, 1808, and returnable on the second Monday in August following was issued, and returned with the following endorsement, (261) "Rec'd 40s. in part of this judgment, by sale of land; no more property to be found in my County" — The Sheriff levied the last mentioned execution on 8 or 9 June, 1808, and sold by virtue of it on 27 July following, the land in question, when Coleman, one of the lessors of the Plaintiff, became the purchaser, and the Sheriff executed to him a deed. But the deed recites that a sale was made by virtue of an execution issued from Nash County Court, tested the second Monday of February, 1807. Hattan acquired his interest in the land by marrying his wife, and his marriage took place between the time of the judgment rendered, and the issuing of the execution on the second Monday of May, 1808. This is the title set up by the lessors of the Plaintiff.
"As to the title set up by the Defendant, the Jury find, that on 13 May, 1808, a judgment was obtained, and execution issued thereon, against the goods and chattels, lands and tenements, of Hattan. A Constable, to whom it was directed, levied it eight or ten days before the sitting of Edgecombe County Court, and returned it to that Court. It was entered on the appearance docket, at August term, 1808, and continued until August term, 1809, when an order of sale was made, and an execution tested the fourth Monday of August, 1809, and returnable to November term following, was issued, under which the land was sold, and the Defendant became *Page 202 
the purchaser. The defendant is in possession; and if, upon this finding, the law be in favor of the lessors of the Plaintiff, the Jury find the Defendant guilty, and assess his damages to six-pence and costs: If the law be for the Defendant, they find him not guilty."
Upon the trial, the Sheriff was admitted as a witness, to prove that he levied the execution which issued on the second Monday of May, 1808, on 8 or 9 June following, and sold the land in question, by virtue of that execution, on 27 July. And upon his evidence, the Jury found these facts, as stated in the special verdict.
Upon this case, the Court were divided in opinion. Chief Justice TAYLOR and Judge HENDERSON being of opinion, that judgment should be rendered for the Plaintiff, and Judge HALL being of opinion, that judgment should be rendered for the defendant.
The first execution against Hattan issued from February term, 1807, of Nash County Court, where the judgment was rendered: but the levy was made on the third execution, which bore teste the second (262) Monday in May, 1808, and the Jury have found, upon the evidence of the Sheriff, that the levy was actually made on the 8th or 9th of June following. The Sheriff's deed, however, recites that the sale was made by virtue of the first execution; and as this recital is erroneous, the question is, Whether the deed shall operate to convey the land to the purchaser, Coleman? If a recital were an essential part of a deed, or if the land were conveyed according to the recital thus erroneously stating the levy, there would be some ground for the objection to rest upon. But the use of it is only to explain more fully the intention of the parties, or to serve as a reference in the future investigation of the title. It affirms no fact, and never amounts to an estoppel. Coke Lit. 352, b. Finch. Law, 33.
If one recite a former lease to have been made on such a day to J S, and then make a new lease, to begin after the end of the former lease, and mistake the date of the old lease, in this case, the deed is good, notwithstanding the mistake. Dyer 93, 160. If, indeed, the property be described in the effective words of the conveyance, only according to the false description given of it in the recital, it will pass by the deed, as appears by the following case. If I grant to J S, all the lands in Dale
which I purchased from J D, or which came to me by descent from J D, or, I give all my goods to J S, which I have as executor of J D, and, in truth, I have no such lands or goods, but I had them by some other means, or of some *Page 203 
other person, in these cases, and by this mistake, the deed is void. But if I grant to J S, all my lands in Dale by name, as White acre, which I purchased of J D, and in truth, I purchased them of another, in this case, this mistake will not hurt the deed. Dyer 50, 87, 376. As, then, it appears in this case, that the Sheriff was duly authorized to make the sale, although his power is incorrectly set forth in the deed, a majority of the Court are of opinion, the law arising on the (263) special verdict is in favor of the Plaintiff.