Ruffin, Chief Justice.
 

 It is one of the unanimous resolutions in
 
 Aslin
 
 v.
 
 Parkin,
 
 2 Bur. Rep. 665, that the judgment in ejectment concludes nothing more than the title of the lessor of the plaintiff, at the date of the demise; and that it does not at all involve the title anterior thereto, nor the commencement or duration of the defendant’s occupation. In the case before us, the Superior Court allowed the plaintiff to recover damages for the whole time, from the day laid in the demise, up to that, on which the writ of possession was executed, upon no other evidence but the record of the former recovery. This, we think, was erroneous; at least, as to the time from which the damages were to begin. The demise may be laid as of any day after the title of the lessor accrued, and long before the tenant entered; indeed, the ouster must be laid after the demise; and, although it is usual to lay it on the next day, it may be laid on any other, and is not traversable. Consequently, it is only necessary to prove on the trial, that the defendant was in possession at the commencement of the suit. The judgment is therefore no evidence, that the defendant began to occupy on the prior day laid as that of the demise;, and it was error to leave it to the jury to establish that fact.
 

 It seems to be equally clear, that it is competent to the defendant to show by proof, first, when his occupation commenced; and, secondly, when it ended. As to the first, such evidence is admissible in answer to that necessarily adduced by the plaintiff
 
 de hors
 
 the record in ejectment. The record does not
 
 establish
 
 the second point more than it does the other, though it is evidence on it, while it is not on the other. It establishes the defendant’s possession when the suit vras brought, and from that it is inferable, that his possession continued until destroyed by the judgment and execution. But the inference may be answered by the fact; as, for example, that the defendant went out, and the lessor of the plaintiff went in, before suing the writ of possession, or pending
 
 *296
 
 the action; in which cases, certainly, the plaintiff ought not to have damages during his own enjoyment. The effect evidence, that the defendant left the possession, must, indeed, much depend on the circumstances; and this exception states the nature of the evidence rejected so imperfectly, that the Court is unable to say whether that offered in this particular case tended to establish any legal ground for exonerating the defendant from full damages, that is to say, up to the serving the writ of possession. It merely states, that he offered to prove, that he occupied but for one year, without stating when or why he left the possession, or who succeeded to it. Now, we cannot hold, that a person can intrude himself into the house of another, and that upon his leaving it, after suit, the owner must take notice that the possession is vacant, and that he may resume it, so as to restrict the damages to the day of the trespasser’s going out. It lies, in reason, on the defendant to show, that he lost or gave up the possession under such circumstances as to relieve him from subsequent liability. In strictness, therefore, in reference to the period at which the defendant’s occupation terminated, his exception is not sustainable in its present terms — for the want of any such circumstances. It is fortunate, however, for the purposes of justice, that the decision of the cause does not depend upon this part of the exception alone, since it is almost certain, from the other parts of it, that the Court meant to decide, not'that the particular proof offered did not constitute a defence, but that the record of the ejectment precluded all proof upon the point. That, as a general proposition, we deem incorrect. An instances, in which it is apparently so, has been already given; namely, when the plaintiff actually resumed the possession. There are others, in which the same conclusion seems equally obvious; as if the defendant entered as the tenant for a single year of an adverse claimant, who would not, or did.not renew the lease, but at the end of the year occupied himself; or if the defendant was evicted by force, by some third person. The annual value of the premises during the period of eviction is the measure of the plaintiff’s loss ;
 
 *297
 
 and, in general, is the measure of the defendant’s gain and responsibility. But the defendant may be responsible for' more, as if, during his occupation, his acts lessened the value. So, he may not justly be responsible for so much, if he was unable, when he quit or was turned out, to yield the possession to the plaintiff; or was restrained therefrom by his relation to another, against whom the law affords the plaintiff immediate redress.
 

 There must, at all events, be a reversal of the judgment for the effect allowed to the record as evidence, on the part of the plaintiff of the period for which the damages were to be assessed. It does not pyove any possession by the defendant before the suit brought; much less does it carry it back to the day of the demise.
 

 Judgment reversed, and
 
 venire de novo.
 

 Per Curiam. Judgment reversed.