A. C. BENTON *et al.* v. SARAH BENTON *et al.*

*Landlord and tenant—Estoppel—Evidence.*

1. Under the present system, a judgment in an action to recover land is as complete an estoppel as in any other action.

2. A tenant is estopped to deny his landlord's title, but when the plaintiff fails to show any title in himself, and relies entirely on this estoppel, the judgment should only be that he recover the possession, and the defendant should be left free to assert any title he may have in another action.

3. Where the plaintiff sued for two tracts of land, and the defendant denied there was any contract of renting as to one of them, and the plaintiff testified that he intended to rent all the land he had title to, and that the defendant had the right to cultivate both tracts, but that he did not expressly mention the one in dispute; *It was held,* sufficient evidence to extend the estoppel to both tracts.

(*Riley* v. *Jordan,* 75 N. C., 180; *Pate* v. *Turner,* 94 N. C., 47; cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at Fall Term, 1885, of ANSON Superior Court.

There was a judgment for the plaintiffs, and the defendants appealed.

The facts are fully stated in the opinion.

*Mr. J. A. Lockhart,* for the plaintiffs.

*Messrs. Payne* and *Vann* filed a brief for the defendants.

SMITH, C. J. The action is to recover possession of two tracts of land, described separately in the complaint, upon an averment of title in the plaintiffs, which is controverted in the answer. In support of the claim, the plaintiffs introduced in evidence a deed executed on June 29th, 1850, by W. B. McCorkle to Stephen W. Cole, Edmond J. Waddell and Hampton B. Harman, alleged to convey the larger of the disputed tracts, in trust to secure a large indebtedness and liability then resting on him.

II. A deed for the same, made December 18th, 1852, by the trustees, to William A. Benton and Archibald C. Benton.

III. A deed from Archibald C. Benton and James C. Carraway, assuming to act as trustee, under a conveyance from the former, for the undivided moiety of the tract, to the other tenant in common, William A. Benton.

IV. The will of the last named, dated May 1st, 1862, and proved in April, 1864, devising all the testator's lands to his brother, Archibald C., and sister Elizabeth, constituting the former trustee, to secure the separate estate of the latter.

The evidence to sustain the plaintiff's claim to the second or smaller tract, consists in a deed from William Hasker and others, to said Archibald C., and from the latter to the testator, William A. Benton. The Court ruled that these were insufficient to divert title out of the State and put it in the plaintiffs, and the issue was thus made to depend on an estoppel, arising out of a contract of renting. It was shown that W. Henry Benton, husband of the defendant Sarah, was employed to oversee on the plantation when carried on by W. B. McCorkle, and moved upon it with his family about the year 1847 or 1848, and died in 1858. Since this, she has continued to occupy the premises.

In March, 1865, she executed a note, payable to the heirs of W. A. Benton on the first day of January following, for the sum of one hundred dollars, of the currency in use when due, "for the rent of the land whereon I now live, belonging to the heirs of said W. A. Benton."

It was further in proof, that in 1850, the defendant B. H. Benton gave a note to A. C. Benton, promising to pay "800 pounds of cotton for the rent of the Benton plantation for that year," and this was supplemented with parol evidence of the relation of tenants and landlord.

The Court instructed the jury, that if the defendants leased the premises and occupied the land as tenants, they were not permitted under the rules of law, while continuing in possession, to dispute the lessor's title, and in such case, the jury should return an affirmative response to the first issue. This is sustained by the case of *Riley* v. *Jordan,* 75 N. C., 180. The defendant insisted, that these rentings were of the *larger* tract, and did not embrace the smaller tract of forty-three acres, which was not parcel of the other. This inquiry was left to the jury, and it is now contended, upon no evidence tending to establish the fact. The testimony of the plaintiff A. C. Benton, relating to this point, (and this is all offered), was as follows: "When I rented the land to de-

36

fendant, I included the Benton or McCorkle tract, and this forty or forty-three acres. *I rented all the land* that I considered I had title to, and included all the lands I had up there. She, (the defendant), had the right to cultivate any portion of the forty-three acres. I did not tell her specially about the forty-three acres."

While it is true that a contract consists in the agreement of the minds of the parties to it, and is not what one alone intended, the testimony, unassailed by the defendant, purports to represent the renting as in fact made for all the land, and though not very precise in terms, was in effect sufficient to warrant the extension of the estoppel to both tracts.

But an estoppel may also arise out of the entry of the husband with his wife and family upon the premises as overseer for the party then in possession, which abided on her, she continuing the occupation, as the right to make use of it was transmitted with the successive conveyances, terminating with the plaintiff. Inasmuch, however, as the plaintiff failed to prove *title in themselves*, and establish their right to recover possession by the technical rule growing out of the tenancy, the verdict should not have been altogether in the affirmative upon the first issue, but in favor of the plaintiff, so far as envolves the regaining of possession. The subject was considered in a recent case, and this language was used: "It would be obviously unjust to give a conclusive effect to a finding and judgment that title is in the plaintiff, which, as *res adjudicata*, would conclude all further inquiry into the title, when the result is produced by an estoppel which only prevents a retaining of the defendant's possession." *Pate* v. *Turner*, 94 N. C., 47.

Under our former system, no such consequences follow, for a recovery in ejectment was merely of the possession, the title being undisturbed; but now the effect in an action respecting land is as conclusive as it is in an action for personal property. But no complaint is made on this score in

the record, nor is any exception taken to the charge in this particular. We do not feel at liberty, therefore, to disturb the verdict, but in the rendition of judgment, as is said in the case referred to, it should be "without finally determining the title," only for recovering "possession and damages," "declaring the defendants free hereafter to assert and maintain their title," if such they have.

There is no error, and the judgment is affirmed.

No error.　　　　　　　　　　　　　　　　Affirmed.