BELLE R. BOYD v. E. M. REDD, Administrator of A. J. BOYD, et al.

*Action to Establish Resulting Trust—Proceedings for Allotment of Dower—Judgment—Estoppel.*

1. The judgment in a special proceeding for the allotment of dower to a widow, was intended by the Statutes (Section 278, 2111 and 2112 of *The Code*) to be and is conclusive upon the heirs, devisees or other claimants who may be made parties, as to the title of the husband and the rights of the widow ; therefore,

2. Estoppels being mutual, a judgment allotting dower to a widow in all the lands of which her husband died seized in a proceeding to which the heirs and devisees of her husband were parties, will estop the widow from afterwards maintaining an action to subject a portion of the lands to a parol trust, on the ground that her husband purchased such lands with money belonging to her.

CIVIL ACTION, tried before *Norwood, J.*, at Spring Term, 1896, of ROCKINGHAM Superior Court. This action was

BOYD *v.* REDD.

brought by Mrs. Belle Richardson Boyd, widow of A. J. Boyd, deceased, against the administrator of said Boyd, deceased, to recover judgment for various sums of money belonging to her and received by her husband, and against the heirs and devisees of her husband, to have them declared trustees for her as to 109 acres of land in the town of Reidsville, the complaint alleging that, out of a specified sum of money collected for her by her late husband, he invested the larger portion in said land, taking title to himself. The action was begun on 16th July, 1895. Previously she had filed her petition for dower, and among the lands alleged in the petition to belong to her husband, and out of which she claimed dower, was the tract of land mentioned in the complaint in this action. On May 6, 1895, the final judgment in the proceedings for allotment of dower was entered, which confirmed to her, as a part of her dower, a portion of the 109 acre tract sought in this action to be subjected to this trust. The administrator, heirs, and devisees and creditors having docketed judgment were parties defendant to the special proceeding for dower.

The answer of the defendant Redd, administrator, *c. t. a.*, of A. J. Boyd to the complaint contains the following paragraphs which furnish a statement of the facts and defenses relied on:

"For second defense. 8. That the plaintiff ought not to be allowed to say, 'that out of the sum of $1,333.33, derived from the sale made to John A. Smith as aforesaid, the sum of $0.0 . s invested by said A. J. Boyd, plaintiff's husband, (and title taken to himself instead of to her,) for said lands, as alleged in paragraph 10 of the complaint, because she alleged in a petition duly filed by her in a special proceeding lately begun in said superior court for the County of Rockingham aforesaid for the purpose of having her dower allotted in the lands of which her said

husband died seized, entitled *Belle R. Boyd* against *S. H. Boyd and others*, wherein the parties to said proceedings are parties to this action, that her husband was at the time of his death seized in fee-simple of said lands mentioned and described in paragraph 10 of the complaint, and divers other parcels of land are likewise mentioned in said petition ; and that in said proceedings for allotment of her dower aforesaid, the same was set apart to her out of the lands described in the complaint, covering......... a^res thereof, and said allottment was duly confirmed on motion of the plaintiff, as will fully appear by reference to the judgment-roll in said proceedings, which [will] be produced at the trial of this action, and when produced will be asked to be taken as a part of this answer, and same is pleaded in estoppel of this action.'

" For third defense. 9. That the plaintiff ought not to be admitted to say, 'that out of the sum of $1,333.33, derived from the sale made to John Smith as aforesaid, the sum of $910 was invested by said A. J. Boyd, plaintiff's husband, (and title taken to himself instead of to her,) for said land, as alleged in paragraph 10 of the complaint, because in a special proceeding begun in the superior court of said County of Rockingham, entitled E. M. Redd, administrator *d. b. n.*, with the will annexed of A. J. Boyd, against Belle R. Boyd and others, by issuing of a summons on the 24th day of December, 1894, duly served on Belle R. Boyd, plaintiff herein, requiring her to appear at the office of the clerk of said court in Wentworth, in said County of Rockingham, on the 7th day of January, 1895, and answer or demur to the petition to be filed in said office, which petition was duly filed in said special proceedings on the 7th day of January, 1895, in which it was alleged that said A. J. Boyd was at the time of his death seized in fee-simple of said lands mentioned in paragraph 10

---

BOYD *v.* REDD.

---

of the complaint in this action, and divers other tracts. or parcels of land are likewise mentioned in said petition, and the relief demanded therein was that said lands be sold to make assets to pay the debts of said A. J. Boyd, &c., the said E. M. Redd, this defendant, having been duly appointed and qualified as administrator as aforesaid, and the said Belle R. Boyd failed to appear and answer or demur to said petition or complaint. A decree was duly made therein on the 7th day of October, 1895, empowering said E. M. Redd, as administrator as aforesaid, to sell said lands, except the dower theretofore allotted to the plaintiff, as alleged in paragraph 8 of this answer, and all of the parties to this action were parties to said special proceedings, the judgment-roll of which will be produced at the trial of this action, and when produced will be asked to be taken as a part of this answer, and same is pleaded in estoppel of this action.' "

The plaintiff, Belle R. Boyd, replying to the new matters of defense set up in defendant's answer, said :

" 1. That as to the plea of estoppel, set up in paragraphs 8 and 9 of said answer, it should not bar the plaintiff's recovery in this suit, for the reason that, when said suits were brought and which are now pleaded as an estoppel, and long thereafter, plaintiff was utterly ignorant of her legal and equitable rights sought to be enforced in this suit ; that it is true she was fully cognizant of all the facts set forth in her complaint, out of which said legal and equitable rights arise, but that she had not related them to her lawyer nor taken any counsel in regard to them, at the time of the bringing of said special proceedings, and until some time thereafter, being under the impression and belief that, notwithstanding said real estate mentioned in the complaint was purchased with her money, that, inasmuch as her husband had taken the title to himself instead

of to her, (a fact she did not know until after his death,) she was without any legal or equitable rights in the matter, and would be forced to accept things as they were; and that it was under this impression that she filed her petition for dower, in which she alleged the property mentioned in the complaint in this cause to be the fee-simple estate of A. J. Boyd, and that by so doing she has in no way lessened or impaired the rights of the creditors of A. J. Boyd; but if said special proceedings are allowed to be used and pleaded as an estoppel upon her, to defeat her greater rights set up in this suit, great injury and damage will be done to her; that as soon as she was informed by her attorneys of her legal and equitable rights, arising out of the facts set forth in her complaint in this cause, she at once and without delay instituted this suit; that it will be _____ and wrong and defeat the ends of justice, for the defendant to be permitted to take such a technical advantage of the plaintiff. And, further, plaintiff alleges, at the bringing of this suit the said dower suit was then pending and undetermined, and did not go to judgment until long after the bringing of this suit, and that the land laid off to her as dower in said suit is covered by the land mentioned in this suit. For the same reasons set forth, plaintiff did not file an answer in the suit of E. M. Redd, administrator as aforesaid, to sell the real estate of A. J. Boyd; and though true E. M. Redd, in his petition, asked that the real estate mentioned in this suit be sold, together with other real estate mentioned in said petition, the same was not offered for sale and has not been sold, and such of the other real estate as is therein asked to be sold, though offered for sale on the 30th day of November, 1895, has not as yet been sold and confirmed by the court, hence said special proceeding is not *res adjudicata*, but is still wholly within the breast of the court and sub-

ject to its orders and decrees ; and that in this suit has since
its institution (July, 1895) a *lis pendens* of the plaintiff's
claim has been filed, and all orders, decrees and proceedings
had and done in said two special proceedings mentioned are
subordinate to any orders or decrees that may be made in
this suit ; that said administration has not been wound up
and no debts paid off by said administrator, and the rights
of no purchasers, creditors or innocent parties will or can
be affected by the results of this suit."

In deference to an intimation by his Honor that he
should hold that the plaintiff was estopped to maintain her
action, she submitted to a *non-suit* and appealed.

*Messrs. John T. Pannill* and *Glenn & Manly*, for appel-
lant.

*Mr. H. R. Scott*, for appellee.

AVERY, J. : A widow is entitled to dower in one-third of
the legal or equitable estate in lands of which her husband
was seized in fee at any time during coverture, (*The Code,*
Section 2103,) and the husband is generally deemed seized
of any land " when he may have had any right, title or
interest in the inheritance." *The Code*, Sec. 1281 (12).
Where no agreement is made between the widow and the
heirs or devisees, the statute requires that she shall insti-
tute a special proceeding and that the heirs and devisees
and other persons in possession of or claiming estates in
lands out of which she seeks to have dower allotted shall
be made parties. *The Code*, Secs. 2111 and 2112. If it
had never been expressly so held it would be obvious from
an examination of the statutes already referred to and the
other provisions of *The Code*, (Sections 278, *et seq.*) that
these special proceedings for the allotment of dower were
intended to be prosecuted to a judgment, which should be
binding and conclusive, as to the title of the husband and

the right of the wife growing out of his estate, upon the
heirs and devisees, as well as upon other claimants who
might be made parties.    The very fact that persons in the
adverse possession, or claiming adversely, are required to
be made parties, is evidence of the purpose of the Legisla-
ture to conclude them by a judgment in the proceeding.
Estoppels must be mutual, (*Springer* v. *Shavender*, decided
at this Term) and if the heirs or devisees are concluded
from denying her right in the land allotted, she can
not be heard to deny the admissions in the pleadings
as to their rights in the portion not assigned to her.
The special proceeding is a controversy instituted for
the purpose of determining the relative rights of the widow
and the heirs.    The plaintiff, as widow of A. J. Boyd,
had obtained presumably a larger allotment of dower by
alleging in her petition, as was admitted by the heirs, that
her husband was seized, among others, of the very tract of
land in which she now seeks as against the same heirs to
set up a parol trust on the ground that the purchase-money
was paid by her husband, in part at least, out of funds
accruing from the sale of her own separate real estate.
The land allotted as dower to a widow is not subject to
the payment of the husband's debts during her life, (*The
Code*, Sec. 2105,) and as the law allows the personal repre-
sentative, on showing the insufficiency of the personal assets,
to sell any, or, if necessary, all of the real estate of the
decedent, outside of the dower, to pay the debts and charges
of administration, (*The Code*, Sections 1436 to 1444,) the
creditors for whom he acts are interested in maintaining
the stability of a decree which affects their rights.    The
final decree confirming the allotment of dower was entered
May 6, 1892, and this action was not brought till the
16th day of July thereafter.    When the plaintiff brought
her action, therefore, it had been adjudged in a proceeding

BOYD *v.* REDD.

in a court of competent jurisdiction, wherein the heirs-at-law and devisees of her husband were parties defendant as they are in this action, that her husband was seized of the land of which she now claims to be equitable owner in her own right, and that on his death it descended to his heirs and devisees subject to her dower. In consequence of this adjudication of seizin on the part of her husband, the value of her dower was increased *pro tanto.* After deriving such advantage from the allegation and admission of her husband's ownership in a controversy with the same parties as heirs-at-law and devisees, she will not be heard, when such proceeding is pleaded as an estoppel, to maintain an action founded upon the allegation that the findings which constituted the basis of the decree in that proceeding were untrue. *Springer* v. *Shavender, supra.* The plaintiff is clearly estopped from setting up the parol trust, and on the trial abandoned her claim to other relief demanded. The judgment of the court below is therefore affirmed.

Affirmed.