MATTHEW T. LAMM v. ATLANTIC COAST LINE RAILROAD
COMPANY ET AL.

(Filed 1 March, 1922.)

**Railroads—Negligence—Evidence—Nonsuit—Statutes—Comparative Negligence.**

In an action to recover damages of a railroad company for negligent injury caused to its employee, there was evidence tending to show that plaintiff, while performing his duty as a switchman, coupled a car attached to defendant's locomotive, while not in motion, and the injury was caused by the sudden movement of the locomotive by the engineer, without a signal from the plaintiff, contrary to custom or practice, and crushed the plaintiff's foot between the bumpers on the cars, causing the injury complained of: *Held,* though there was evidence of contributory negligence, its establishment would not be a complete defense, under the provisions of our recent statute, C. S., 3467, applying the principle of comparative negligence in such cases; and upon a motion to nonsuit, evidence that the engineer properly acted on the signal of another employee will not be considered.

APPEAL by defendant from *Allen, J.,* at the October Term, 1921, of NASH.

The action is by plaintiff, an employee of defendant company, in charge and control of codefendant, the Director General of Railroads, to recover damages for serious and permanent physical injuries caused by the alleged negligence of defendants in the operation of a switching engine, in connection with which plaintiff, as employee and in the line of his duty, was presently engaged in coupling cars on a spur track of defendant railroad, running into the yards of Hackney Brothers. There was denial of liability and plea of contributory negligence, and on issues submitted as to liability of Director General, the jury render a verdict:

1. That the injury was caused by the negligence of defendant.
2. That plaintiff was guilty of contributory negligence.
3. Assessing plaintiff proportionate damages.

Judgment on the verdict for plaintiff and defendant, the Director General appealed, assigning for error chiefly the refusal of his motion to nonsuit.

*E. B. Grantham and J. S. Manning for plaintiff.*
*F. S. Spruill for defendant.*

HOKE, J. There were facts in evidence on part of plaintiff tending to show that on or about 28 July, 1918, plaintiff, a switchman in employment of defendant company, with others of the switching crew and a switching engine of defendant company were engaged in coupling some

cars on a spur track of the company, running into the yards of Hackney Brothers; that the engine was being operated at the time by one A. L. Darden, an engineer also in employ of defendant, and as said engine was backed against the first of the cars, plaintiff, by direction of the yard conductor, and in the line of his duty made the coupling, and while the engine was standing still, plaintiff endeavored to pass between the engine and the car, by getting over the drawhead, and swung himself up for the purpose, when the engine, without further signal, was suddenly moved towards the car, causing plaintiff to fall, and whereby plaintiff's foot was caught between the bumpers and crushed, causing the injuries as stated; that by custom and practice, after the coupling was made, the switchman was to give a signal to this effect, and the engineer moved the engine further as per signal, and on this occasion plaintiff had given no signal for the engine to move, and at the time was endeavoring to pass between the engine and the car, partly to avoid being struck and rolled up by a brick wall very near the track, and also to be in a position to properly signal the engineer for some further couplings then to be made.

There was testimony on part of defendant tending to show that the engineer had moved his engine towards the car at the time, in response to a proper signal from another switchman, and that he was free from blame in the matter, but this may not be considered on a motion to nonsuit, and accepting the testimony of plaintiff as true, the established position on a motion of this character, it clearly permits if it does not require the inference that plaintiff was injured as the proximate result of defendant's negligence. It was earnestly urged for defendant that judgment of nonsuit should have been allowed because the negligence of plaintiff was clearly the proximate cause of the injuries received by him, citing and commenting chiefly on *Dermid v. R. R.,* 148 N. C., 180. But the position is not now available in support of a motion to nonsuit, by reason of the statute applicable, C. S., 3467, and which provides in part "that in all actions hereafter brought against any common carrier by railroad to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee," etc.

This statute, enacted at the session of 1913, is controlling on the facts of the present record, and by its express provisions, contributory negligence on the part of the employee, though established, as it was in this instance, no longer bars a recovery, but is to be considered only on the question of damages, an effect that was no doubt properly allowed it on the trial, as no exception appears to the determination of that issue.

The authority chiefly commented by counsel, *Dermid v. R. R., supra,* was a case decided before the enactment of the statute referred to, and at a time when contributory negligence in this jurisdiction, where same was established, constituted a complete defense. We find no error in the record, and the judgment for plaintiff is affirmed.

No error.