Action by plaintiffs, heirs at law of Daniel E. Freeman, deceased, designated as against the defendants, who claim under Garrett Ramsey, deceased, to recover lands designated as the dower of the widow of Daniel E. Freeman. Judgment for defendants on motion to nonsuit, and plaintiffs appealed. New trial.
This is an action in ejectment and for mesne profits in which the title to the lands in controversy is the chief question at issue. The evidence for plaintiffs shows that Daniel E. Freeman died 5 June, 1873, leaving him surviving his widow, Nancy Freeman. Nancy Freeman, before her marriage to Daniel E. Freeman, was the widow of one Patton, and after Freeman's death she married J. M. Revis, and after the death of Revis she married Jim Warren, and she died 26 September 1923.
The provision for what is called dower for Nancy Freeman in the will of Daniel E. Freeman, deceased, is as follows:
"And to Nancy Freeman, let her have at least 75 acres of land to be left her in during her lifetime, and household and kitchen furniture as is common to be allotted by the law in such cases, and other out property and such provisions as will last her at least one year from the time this will take effect, her land to include the dwelling-house and to be located as she may want it to be, and as near four-square as is consistent." *Page 792 
Plaintiffs introduced deeds to Daniel E. Freeman and evidence as to location tending to show that Daniel E. Freeman claimed, and was in possession of, 600 acres of land, used by him as one tract, prior to the date of the deed of trust from Daniel E. Freeman to Farnsworth, trustee, under which the defendants claim. This evidence further tends to show the location of the dower lands within this 600-acre tract at the place where Daniel E. Freeman lived and died.
Plaintiffs introduced in evidence a deed from the widow of Daniel E. Freeman (then Revis) and husband, Marion Revis, to D. D. Lunsford, dated 3 February, 1876, registered 9 March, 1893. This deed recites that it conveys "all their interest, right and title to a certain piece or parcel of land on which the parties of the first part now reside, and upon which the said Nancy C. Revis was assigned dower as the widow of Daniel E. Freeman, deceased. The said interest hereby conveyed being the life estate of said Nancy C. Revis as the widow aforesaid; the said tract of land is known as the Freeman land and adjoins the lands of Garrett Ramsey, George Ramsey, Daniel Payne and others. . . . Supposed to contain 62 acres, more or less." The habendum clause in this deed is "for the natural life of the said Nancy C. Revis." with a covenant of a "right to convey the same for the time specified."
The evidence further tends to show that Lunsford, grantee in the Revis deed, was the son in law of Garret Ramsey; that the agreement between Lunsford and Garrett Ramsey was that Garrett Ramsey, soon after the execution of the Revis-Lunsford deed, took possession of the lands described therein under Lunsford, and that the Revis-Lunsford deed was delivered by Lunsford to Garrett Ramsey, and that on 1 March, 1893, D. D. Lunsford executed to Garrett Ramsey a deed, drafted either at the instance of or by Garrett Ramsey, and its description is as follows:
"Beginning on Frank Davis division corner and runs with said division line north 25 west 240 poles more or less; thence west with the Kilgore tract line 30 poles more or less to said Kilgore corner; thence south with Kilgore line 240 poles more or less to a stake; then with Kilgore line to the beginning, containing 70 acres, more or less. The same being the lifetime dower bought from Nancy Freeman by said David Lunsford."
The habendum in this deed is "during the life of Nancy Freeman," and the warranty is "during the lifetime of Nancy Freeman, and no longer"; and that this deed was duly registered at the instance of Garrett Ramsey.
The evidence further tends to show that Garrett Ramsey and those claiming under him, including the defendants, have been in the possession *Page 793 
of the lands in controversy since about two years after Lunsford purchased from Nancy Freeman Revis.
The witness D. D. Lunsford testified that the lands described in the Revis-Lunsford deed is the land that he purchased from Nancy Revis and her husband, and that after he purchased it he took possession of it and moved right on it and stayed there a while. "I don't think I made any crops on it, but I rented it to George Freeman the first year; he cultivated it. After I bought the land I had a talk with Garrett Ramsey, my father in law, about it. After I bought the land from Nancy Freeman or Nancy Revis and her husband, I kept it something like two years. I rented it to George Freeman. I sold it then to Garrett Ramsey."
It was admitted by defendants that the land described in the Lunsford deed is the same land as described in paragraph one of defendants' further answer, which pleads the record in the case of Garrett Ramsey against G. W. Freeman and Benjamin Freeman.
The motion for judgment as upon nonsuit was allowed at the close of the evidence.
There was much evidence tending to locate the Freeman dower land as contended for by plaintiffs, and there was much evidence tending to show that it could not be so located, and that the lands claimed by plaintiffs as the dower lands, if located by them as contended, was included within defendants' chain of title from Daniel E. Freeman through a deed and bond for title from A. E. Baird to Garrett Ramsey under the Farnsworth deed of trust. There was evidence tending to show that the Baird deed did not cover the land in controversy and evidence tending to the contrary.
The defendants introduced, over exception, the record in a suit instituted by Garrett Ramsey against G. W. Freeman and Benjamin Freeman in Madison Superior Court. In this complaint Garrett Ramsey alleged "that he is the owner and entitled to the possession of two tracts of land, the first described as follows: "Beginning on Frank Davis division corner and runs with said division line 25 deg. west 240 poles more or less; then west with the Kilgore tract line 30 poles more or less to said Kilgore corner; thence south with Kilgore's line 240 poles more or less to a stake; then with Kilgore's line to the beginning, containing 70 acres, more or less"; and that the defendants were in the wrongful and unlawful possession thereof, to his damage, in the sum of $200. The answer denied each allegation of the complaint.
The verdict was as follows:
"1. Is the plaintiff the owner and entitled to possession of the lands in dispute? Answer: Yes.
"2. What damage is the plaintiff entitled to? Answer: $70." *Page 794 
The judgment rendered at July Term, 1895, after reciting the issues, omitting the formal parts, adjudged that plaintiffs recover of the defendants, Benjamin Freeman and George W. Freeman, "the possession of the land described in the complaint," excepting therefrom the conveyance to George W. Freeman by Daniel E. Freeman, and provided that the defendants be ejected and the plaintiffs put in possession of this land and for recovery of the damages assessed by the jury.
The court below, closing the evidence, held, and so decreed, that this record estopped the heirs at law of Benjamin Freeman and George W. Freeman to question the ownership of the lands in controversy. George W. Freeman and Benjamin Freeman were sons of Daniel E. Freeman, deceased, and their heirs at law included among the plaintiffs as heirs at law of Daniel E. Freeman, deceased. The trial court further held, upon defendants' motion for judgment of nonsuit, that, "in no view of the case were the plaintiffs entitled to recover, as there was no legal evidence to be submitted to the jury that any dower had been legally assigned or legally allotted to Nancy Freeman."
The plaintiffs assigned errors as follows:
1. To the exclusion of the evidence offered by the witness, Frank Patton, that he was present when his mother's dower was allotted, in the presence of George Freeman, executor of Daniel E. Freeman, and that Nancy Freeman, mother of the witness, lived on the dower until she sold it to David Lunsford.
2. The trial court sustained the defendants' objection to the question put to the witness, Goforth, asking whether the witness had examined the record of deeds to ascertain tracts that Garrett Ramsey held in the source of his title.
3. That the trial court admitted in evidence the record in the case of Garrett Ramsey v. Benjamin Freeman and George W. Freeman.
4. In rendering the judgment dismissing the action.
Plaintiffs' first exception is to the exclusion of the evidence of Patton, son of Nancy Freeman by her first marriage, as to the laying off by three men of what the witness calls his mother's dower; that George Freeman, an heir of Daniel E. Freeman, was there; that it was in 1873 and that the land was allotted to her "as her dower," and witness gave one of the lines of the dower as "the conditional line between Daniel E. Freeman and Garrett Ramsey," and said, "My mother lived on the dower until she sold it to David Lunsford." *Page 795 
We think this evidence is competent. It was not, strictly speaking, the laying off or admeasurements of dower, as in cases or when the widow dissents from her husband's will of intestacy. C. S., 4099, 4100, 4104, 4105.
The statutory method of allotment is exclusive. However, in the instant case, Nancy Freeman took under the will. The allotment need not have been made upon petition filed in Superior Court (C. S., 4105) in analogy toquasi dower under a will, but yet statutory as against creditors. C. S., 4108; Trust Co. v. Stone, 176 N.C. 270; Simonton v. Houston, 78 N.C. 408.
Dower has always been a favorite of the law. No mode of ascertaining and setting apart the substitute for dower as contemplated by C. S., 4098, is provided by statute, and none is expressly provided in the instant will, but such a beneficent provision for his widow cannot fail for want of a remedy. Hence, either the statutory method for allotting dower or an allotment or location of the same by the parties, as shown by the proffered evidence, is sufficient. Evidently the executor, George Freeman, treated this provision as mandatory, and the evidence shows that the widow accepted the allotment and continued in possession of the lands. Ex parte Avery,64 N.C. 113; Simonton v. Houston, supra.
This evidence was also competent as tending to show and to locate the possession of Nancy Freeman, as widow, and to fix the limits of her possession, and to locate the land in the Revis-Lunsford deed, under which the defendants' predecessor in title, Garrett Ramsey, purchased and went into possession. A location by the parties at or before the time of the transaction is competent. Allison v. Kenion, 163 N.C. 582. Recitals in the deeds under which the defendants held or now claim, or, in the deeds under which Garrett Ramsey held, are evidence against the defendants that the dower or life estate of Nancy Freeman was properly allotted and located as therein stated. McMahon v. Stratford, 83 Conn. 386; Chandler v. Wilson,77 Maine, 76; Norris v. Hall, 124 Mich. 170; Havens v. Sea Shore Land Co.,47 N.J. Eq., 365; Garwood v. Dennis, 4 Binn. (Pa.), 314. This rule also applies to recited sources of title. Garbarino v. Noce, 6 A.L.R., 1433, and cases cited in an elaborate note thereto; 18 C. J., 264.
It is the same in effect as conveying land by a name which has become attached to a certain piece of land. 8 R. C. L., 1081; Smith v. Proctor,139 N.C. 314.
The intention of the parties to the deed, as expressed therein, is evidenced by the clear statement that it was the lifetime interest or dower of Nancy Freeman, widow, that was conveyed. The deed is the only written evidence thereof and is competent. Dill v. Lumber Co., 183 N.C. 660. *Page 796 
Recitals in deeds are, as a rule, received in evidence against parties and privies. Baggett v. Lanier, 178 N.C. 129; Jenkins v. Griffin,175 N.C. 184; Hattan v. Dew, 7 N.C. 260; Mordecai's Law Lectures, 808.
The defendants are not permitted to claim the lands covered by the widow's life estate adversely to the heirs of Daniel E. Freeman during the lifetime of Nancy Freeman Revis. The recital quoad the dower or life interest is an estoppel. Green v. Bennett, 120 N.C. 394.
We are further of the opinion that the defendants, who admittedly claim under Garrett Ramsey, cannot dispute the laying of or location of the boundaries of the life estate of Nancy Freeman under the will of Daniel E. Freeman. The Revis-Lunsford deed and Lunsford-Ramsey deed both refer to and convey the widow's interest which she took under the Daniel E. Freeman will; and having obtained and enjoyed the use thereof from 1878 until the death of Nancy Freeman, in 1923, a period of 45 years, the defendants are now estopped to dispute the allotment and location thereof.
When the facts recited in deeds are of the essence of the contract, and where the intent of the parties to place a fact beyond question or to make it the basis of the contract is clear, the recital is effectual and operates as an estoppel against parties and privies. 2 Herman on Estoppel, 636; Bigelow on Estoppel (5 ed.), 366; Burns v. McGregor, 90 N.C. 222;Fort v. Allen, 110 N.C. 183; Walker v. Brooks, 99 N.C. 207; Brinegar v.Chaffin, 14 N.C. 108; Hill v. Hill, 176 N.C. 197; Drake v. Howell,133 N.C. 166. Having entered into the possession of the lands in controversy under the Revis-Lunsford deed and the parol agreement with Lunsford, which was later consummated in the Lunsford-Ramsey deed, the defendants are estopped to question the title of Nancy Freeman during her lifetime or now to assert their possession during her lifetime thereunder adversely to the plaintiffs, heirs at law of the deceased husband, under whom the widow claimed. Farmer v. Pickens, 83 N.C. 553; Love v. Edmonston, 23 N.C. 152;Dowd v. Gilchrist, 46 N.C. 353; Springs v. Schenck, 99 N.C. 551,558.
Nancy Freeman was estopped to assert her possession as widow or tenant under the will against the heirs of her husband and, therefore, the defendants are likewise estopped. Callendar v. Sherman, 27 N.C. 711;Melvin v. Waddell, 75 N.C. 361; Malloy v. Bruden, 86 N.C. 251; Love v.McClure, 99 N.C. 295; Springs v. Schenck, supra; Mobley v. Griffin,104 N.C. 112; Ladd v. Byrd, 113 N.C. 466; Everett v. Newton, 118 N.C. 919;In re Gorham, 177 N.C. 272; Timber Co. v. Yarbrough, 179 N.C. 335;Forbes v. Long, 184 N.C. 40; Malone on Real Property Trials, 205, 206;Gintrat v. Western *Page 797 Railway of Alabama, 19 L.R.A., 839, with an elaborate note reviewing the authorities on the many phases of this questions.
The defendants contend, and the court below so held, that the dower not having been allotted, as provided by statute in cases of intestacy or upon a dissent, that the will of Daniel E. Freeman was insufficient to give the widow any title to any part of the Freeman land for life. This view cannot be sustained. We hold that the will of Daniel E. Freeman vested in Nancy Freeman a life estate in so much of his land as included within the boundaries set out in his will, when properly located. Broadhurst v.Mewborn, 171 N.C. 400; Boddie v. Bond, 158 N.C. 204; Sigmon v. Hawn,86 N.C. 310; Boyd v. Redd, 118 N.C. 680; Blanton v. Boney, 175 N.C. 211;Warehouse Co. v. Warehouse Corp., 185 N.C. 518.
The description in the Freeman will is sufficient to be located by parol evidence. C. S., 992; Farmer v. Batts, 83 N.C. 387; Johnson v. Mfg. Co.,165 N.C. 105; Patton v. Sluder, 167 N.C. 500; Perry v. Scott, 109 N.C. 374;Bachelor v. Norris, 166 N.C. 506; Stockard v. Warren,175 N.C. p. 286; Allen v. Sallinger, 108 N.C. 161.
The defendants contend that there is no proof that Garrett Ramsey held under the widow of Daniel E. Freeman. We are of the opinion that the testimony of the witness Lunsford, if found to be true, shows that he did.
However, aside from this testimony, we hold that when a party is in the possession of land and a registered deed or deeds are produced by the opposite party, nothing else appearing, it will be taken, prima facie, that he entered or held under such deed or deeds. Register v. Rowell,48 N.C. 312; Bryan v. Spivey, 109 N.C. 71.
The defendants are in privity with Garrett Ramsey upon the instant record. Bryan v. Malloy, 90 N.C. 508.
We do not consider evidence which makes for the defendant upon a motion for judgment as upon nonsuit. Nash v. Royster, ante, 408; McAtee v. Mfg.Co., 166 N.C. 455; Cashwell v. Bottling Works, 174 N.C. 324; Buildersv. Gadd, 183 N.C. 447; Lamm v. R. R., 183 N.C. 74; Brown v. R. R.,172 N.C. 604; Williams v. May, 173 N.C. 78.
Since it is admitted, however, that the description in the complaint in the instant case and the description of the first tract in the action between Garrett Ramsey and G. W. Freeman and Ben Freeman, pleaded by defendants on estoppel against the heirs at law of G. W. Freeman and Ben Freeman, who are also heirs at law of Daniel E. Freeman, deceased, is the same, we will now consider its effect.
The allegation by Garrett Ramsey is that "he is the owner and entitled to the possession. " This is denied in the answer filed, and the jury *Page 798 
found for Garrett Ramsey and assessed damages for withholding possession. The judgment gave Garrett Ramsey only "the possession of the lands described in the complaint. " The estoppel is only asserted against the heirs at law of G. W. Freeman and Ben Freeman. We are of the opinion that it cannot, in the instant action, operate as such against any of the plaintiffs. Garrett Ramsey was entitled, upon the Lunsford-Ramsey deed, to the possession of all the lands covered by the life estate of Nancy Freeman, who was then living, and was pro tanto the owner.
The heirs of Daniel E. Freeman had no right to the possession of the lands covered by her life estate during her life. The word "owner" is not sufficiently limited in scope to be determinative. Ownership may be complete or incomplete, special, reputed, legal or equitable. A tenant for life is the "owner" for many purposes.
Its use is too varied to constitute an estoppel in the instant case. Black's Law Dictionary (2 ed.), 865, 866.
A varied collection of the many uses of this term appears in 29 Cyc., 1549, and notes. See 6 Words and Phrases, 5134 et seq.
The claim now asserted by plaintiffs is not inconsistent with the rights of Garrett Ramsey as adjudged in the pleaded cause. He is presumed to have held at that time under Nancy Freeman Revis. While some of the plaintiffs, in the instant case, are privies to the defendant in the pleaded action, and would be estopped if that record was sufficient to constitute an estoppel (Owen v. Needham, 160 N.C. 381), we do not think it was necessary to determine any phase of the question now at issue in the trial thereof. Jones v. Beaman, 117 N.C. 263; Allred v. Smith, 135 N.C. 443. While ejectment was primarily possessory in character prior to 1868; it may, or may not, be determinative of the title since 1868; but in the pleaded record it appears only to have been possessory, and, therefore, not an estoppel on title. Benton v. Benton, 95 N.C. 559; Wicker v. Jones,159 N.C. 102; Poston v. Jones, 19 N.C. 294; Wagon Co. v. Byrd, 119 N.C. 460;Caudle v. Morris, 160 N.C. 168; Long v. Baugas, 24 N.C. 290;Clothing Co. v. Hay, 163 N.C. 495; Whitaker v. Garren, 167 N.C. 658;Ferebee v. Sawyer, 167 N.C. 199; Johnson v. Pate, 90 N.C. 334; Falls v.Gamble, 66 N.C. 455; Isler v. Harrison, 71 N.C. 64; Yates v. Yates,81 N.C. 396; Turnage v. Joyner, 145 N.C. 81; Bigelow on Estoppel, 397, 398.
Upon the instant record, and viewing the case in the light of the rule upon motion for judgment as upon nonsuit, now accepted by this Court, we are of the opinion that there is sufficient evidence upon which to submit this case to the jury, and, therefore, there must be a
New trial. *Page 799